JOHN C. BOWERMAN, Surviving Substituted
Trustee, et al.,

*vs.*

WINFIELD J. TAYLOR, et al.

and

MARY F. TAYLOR

*vs.*

JOHN C. BOWERMAN, Surviving Substituted
Trustee, et al.

*Rule against perpetuities.*

In determining whether or not a deed is valid under the
rule against perpetuities, the deed is to be interpreted as if
there were no such rule, and as if the intention as expressed
could be lawfully carried out; and when the true construction
of the deed is reached, the rule against perpetuities, which is
one of law and not of interpretation, is then to be applied.

p. 209

By the deed of C. T. and G. T., his wife, a trust was created
for the benefit of the said G. T., during the joint lives of the
settlors, and for the benefit of the survivor until death or re-
marriage, and upon the occurrence of either of such events
thereafter for the use of the settlors' children born before or
after the execution of the deed of trust, who might be living
at the expiration of the estate of the surviving settlor, the issue,
then living, of a deceased child to be substituted for the parent
*per stirpes;* and upon the death of any *such children or issue,*
their several interests were to be transferred to their respective

·descendants, if any, and if none, then to be held for the benefit ·of the surviving children and issue for life:  *Held,* that:

The limitations in such a deed are valid with respect to all the estates, excepting as to the ultimate remainders.     p. 210

The life estates, succeeding the life estates of the settlors, must vest in every instance, if at all, in beneficiaries who were in existence at the time of the death or remarriage of G. T., a person who was in being when the deed took effect upon its ·delivery.                              p. 210

The remainders, however, in favor of the descendants of the ·"children and issue" in whom the preceding life estates were vested, were void, under the rule against perpetuities, in so far as they were limitations to the descendants of a child of the settlors unborn at the time of the delivery of the deed; or the descendants of after-born issue of a child, then living, but sub·sequently deceased.                    pp. 210-211

The limitations in remainder to the descendants of children who were in being when the deed became operative are valid.

p. 211

The rule against perpetuities relates to future interests, and not to their duration, and it is immaterial whether the estate is in fee, for life or for years, provided the event upon which the limitation depends is certain to occur within the period which the rule defines.                    p. 210

Where bequests are made to a class, and some of the class are *in esse* and some are *not,* the whole bequest fails, if in violation ·of the rule against perpetuities.          p. 211

But where the bequests are made to distinct classes, some of ·whom are capable of taking, and some of whom are not, the different bequests are valid or not, according as to whether or ·not particular bequests among them conform to the meaning of ·the rule.                              p. 212

*Decided May 25th, 1915.*

Two appeals in one record from the Circuit Court of Baltimore City.  (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The causes were argued together before Boyd, C. J., Bris-
coe, Burke, Thomas, Pattison, Urner, Stockbridge and
Constable, JJ.

*Thomas Foley Hiskey* (with whom was *John Hinkley* on
the brief), for the appellants.

*German H. H. Emory* and *Edwin H. Brownley,* for the
appellees.

*Edwin J. Farber* and *Edwin H. Brownley* filed a brief for
Lyndsay Van Rensselaer and wife, and *Edwin H. Brownley*
joined in the brief on behalf of James E. Godwin, Guardian
*ad litem* of certain infants.

*R. Lee Slingluff* filed a brief on behalf of Mary F. Taylor,
widow of George M. Taylor.

Pattison, J., delivered he opinion of the Court.

On the 15th day of September, 1852, Charles R. Taylor
and Georgeanna Taylor, his wife, by deed of that date, con-
veyed the lands and property therein described unto William
J. Ward and others in trust for the following uses and pur-
poses—

"First—For the sole and separate use, benefit and
enjoyment of Georgeanna Taylor, wife of said Charles
R. Taylor, during the joint lives of said Georgeanna
and of said Charles and during the lifetime of the
survivor of them so long as he or she shall after the
death of him or her first dying remain sole and un-
married to the use, benefit and engagement of such
survivor, and upon the second marriage or the death .
of such survivor or whichever event shall first happen
thereupon thenceforth to the use, benefit and enjoy-

ment of all the children, issue of the marriage now existing between said Charles and said Georgeanna, viz, of the children now being and of such others their children as during their now marriage (or within the period contemplated by law after said Charles' death, should he first die) may hereafter be born and who may be living at the time of the ensuing of such use and benefit and so as to be lawful issue of those children surviving the parent among those children, such issue taking *per stirpes.* so that said children and issue aforesaid shall receive and enjoy the income and profits of said trust estate to their sole and separate and personal use and benefit without power of disposing of the same or of any interest therein by way of anticipation or incumbrance, transfer or assignment. It being intended and hereby expressly stipulated that immediately upon the said Charles or said Georgeanna either surviving the other contracting and performing a second marriage, viz, any marriage other than that now existing, all interest of such party surviving and so marrying in and to and out of said trust estate shall forthwith cease and determine, and thenceforth the entire rents, issues and profits of said estate to be received by said other *cestui que trusts* and children and issue of the children of said Charles and Georgeanna by their now marriage then living and upon further trust that upon the death of any of such children or issue so surviving the life or widowhood of said Charles or Georgeanna (whichever shall survive the other), then in trust to convey, assign and transfer the interest and claim of such children or issue then dying to the heir or heirs of such children or issue, should he, she or they leave issue of their, her or his body then living, but if none such, then his, her or their interest in said trust estate to revert to the common fund to be enjoyed by the surviving children, issue or child of said Georgeanna and Charles aforesaid during his, her or their lifetime."

There were seven children of said Charles R. Taylor and Georgeanna Taylor, his wife, living at the time of the execution of the aforesaid deed of September 15th, 1852, and at the time of its delivery. These were Evelyn J. Taylor, Caroline A. Taylor, Florence Taylor, George M. Taylor, Clara Taylor, Melville Taylor and Winfield J. Taylor. No other children were born to Charles R. Taylor and Georgeanna Taylor after the execution of the aforesaid deed. Charles R. Taylor survived his wife and died March 15th, 1900, never having remarried. Of the said children of Charles R. Taylor and Georgeanna Taylor all survived him except Melville Taylor, his son, who died September 16th, 1884, unmarried and without issue; but since the death of Charles R. Taylor two of his said children—George M. Taylor and Florence Taylor Van Renssellaer—have died, the former on the 24th day of December, 1901, leaving surviving him a daughter and children of a deceased daughter, and the latter on the first day of April, 1913, leaving one son and daughter surviving her.

In these appeals the Court is asked, by the bill of John C. Bowerman, substituted trustee, and others, to construe the aforesaid deed "and determine whether the said trust is or is not a valid subsisting trust continuing after the death of the said Charles R. Taylor and Georgeanna Taylor, his wife, and if said trust is valid who are the parties beneficially interested therein, and how and in whom the remainders therein will vest and determine."

As alleged in the bill other lands were brought into said trust estate, by deeds subsequently executed on the 27th day of July, 1876, and November 24th, 1884, respectively, conveying such lands "subject to all the trusts, conditions and provisions of said deed" of September 15th, 1852, but as these deeds have no independent bearing upon the questions presented by these appeals they will not be separately considered and discussed.

The bill also alleges "that doubts have arisen whether said deeds of trust have not created or attempted to create a perpetuity contrary to law and whether the estate in remainder is not an executed use vesting an absolute estate in the grantors' children," and that as a result of said doubts the plaintiff, John C. Bowerman, substituted trustee, is greatly embarrassed in the administration of the trust, so much so as to require the aid and direction of a Court of Equity to enable him to properly administer such trust.

In addition to the above allegations, the bill alleges "that the said estate consists of a large number of yearly rents, nearly all irredeemable, and a considerable tract of vacant land awaiting development, the same being now within the limits of the City of Baltimore * * *, and that if the Court should hold that the said trust ceased and the trust estate vested in the children and descendants of the said Charles R. Taylor and Georgeanna Taylor, then your orators show that a large part of said estate is susceptible of division among the parties entitled thereto without loss or injury to them, and that if any portion of said estate cannot be so divided that then it will be necessary that such portion shall be sold under decree of the Court and the proceeds divided among the parties entitled," and the Court is then asked, by one of the prayers of the bill, that if it shall reach the aforesaid determination "that then there may be a partition of said estate among the parties entitled thereto so far as same is susceptible of partition without loss and injury to them, and the sale of so much thereof as is not susceptible of partition and a trustee appointed to make such sale."

Answers were filed to the bill, and upon the bill, answers and testimony the case was heard by the Court below and a decree passed by it. It is from that decree that the plaintiff, John C. Bowerman, substituted trustee, and the defendant, Mary F. Taylor, have each appealed.

The question we have to decide is to what extent, if at all, the provisions contained in the aforesaid deed from Charles

R. Taylor and wife, to William J. Ward and others, contravene the rule against perpetuities.

In determining this question the language of the deed is to be interpreted in precisely the same manner as if there was no rule against perpetuities, and as if the intention expressed by the words may lawfully be carried out; and when, apart from any consideration of the validity of this intention, we have arrived at the true construction of the deed, the rule against perpetuities, which is one of law and not of interpretation, should then be applied to the objects so ascertained. *Pearks* v. *Moseley,* 5 App Ca. 714; *In re Mervin,* L. R. (1891), 3 Ch. 200; *Graham* v. *Whitridge,* 99 Md. 275.

The language of the deed is somewhat vague and uncertain in its meaning, but when it is thoughtfully considered we think the meaning of the grantors may be ascertained.

As we interpret the language of the deed, the trust created thereby was for the benefit of Georgeanna Taylor, the wife, during the joint lives of the settlors, and for the benefit of the survivor until death or remarriage, and upon the occurrence of either of such events, thereafter for the use of the settlors' children, born before or after the execution of the deed of trust, who might be living at the expiration of the estate of the surviving settlor, the issue, then living, of a deceased child to be substituted for the parent *per stirpes;* and upon the death of any of *such children or issue,* their several interests are directed to be transferred to their respective descendants, if any, and if none, then to be held for the benefit of the surviving children and issue for life.

Having, as we think, ascertained the real intention of the grantors as to the disposition of the land and property under the aforesaid deed, and having arrived at what we regard the true construction of said deed, we will now consider the question whether its provisions, as we have construed them, violate the rule of perpetuities.

As we said in *Gambrill* v. *Gambrill,* 122 Md. 568, "The object of the rule is to prevent the limitation of estates for future vesting upon contingencies which are not certain to

happen within the period of a life or lives in being, when the instrument making the disposition takes effect, and twenty-one years beyond, with an additional allowance of time for the possible birth of a posthumous child. *Dallam* v. *Dallam,* 7 H. & J. 220; *Newton* v. *Griffith,* 1 H. & G. 111; *Biscoe* v. *Biscoe,* 6 G. & J. 232; *Barnum* v. *Barnum,* 26 Md. 171; *Heald* v. *Heald,* 56 Md. 300; *Starr* v. *Starr M. P. Church,* 112 Md. 182; *Hollander* v. *Central Metal Co.,* 109 Md. 157; *Graham* v. *Whitridge, supra; Levenson* v. *Manly,* 119 Md. 517; * * * . And where property is rendered inalienable or its vesting is delayed for a longer period, the law denounces the devise, the bequest or the grant as a perpetuity and declares it void. *Albert* v. *Albert,* 68 Md. 372; *Goldsborough* v. *Martin,* 41 Md. 501; *Barnum* v. *Barnum, supra."*

The rule relates to the commencement of future interests and not to their duration, and it is therefore immaterial whether the estate is in fee, for life or for years, provided the event upon which the limitation depends is certain to occur within the period which the rule defines. *Gambrill* v. *Gambrill, supra.*

Upon the application of these principles there can be no doubt that the limitations of the deed before us are valid with respect to all the estates anterior to the ultimate remainders. Each of the preceding estates is limited to vest within the period allowed by the rule against perpetuities. The life interests reserved to the settlors themselves, are, of course, not open to question, and the succeeding life estates must vest in every instance, if at all, in beneficiaries who were in existence at the time of the death or remarriage of a person who was in being when the deed of trust took effect upon its delivery. The only difficulty in the case is in reference to the remainders in favor of the descendants of the "children and issue" in whom the precedent life estates were vested. In so far as such a remainder is sought to be limited to the descendants of a child of the settlors unborn at the time of the delivery of the deed, or to the descendants of after-born issue of a child then living, but subsequently deceased, the

rule is undoubtedly violated. But the limitations in remainder to the descendants of children who were in being when the deed became operative are unquestionably valid. *Heald* v. *Heald, supra.* Such remainders must necessarily vest, if at all, within the period of the rule, because they are given to those only who are in existence at the death of the person who was living at the date of the deed. And the validity of these limitations is not affected by the other remainders sought to be created in favor of the descendants of unborn children and issue in violation of the rule.

In *Albert* v. *Albert,* 68 Md. 373, this Court said: "It is undoubtedly true that where bequests are made to a class, and some of the class are in *esse,* and capable of taking without violating the rule, and some are not, the whole bequest must fail, for the very conclusive reasons given by SIR. WM. GRANT in *Leake* v. *Robinson,* 2 Merivale, 390, quoted with approval in *Goldsborough* v. *Martin, supra.* But where the bequests have been made to *individuals,* some of whom are capable of taking and some of whom are not, a different consequence follows. Thus in *Wilson* v. *Wilson,* 4 Jur. (N. S.), 1076, the bequest was a sum of money upon trust to pay the income to the testator's wife during her life, and after her death in trust for the then present and future children of J. L., who should be living at the death of the testator's wife, and who should attain the age of twenty-one or marry, in equal shares, and the testator directed that the shares of each daughter should be settled upon trust for her life, and after her death for her children. SIR W. WOOD decided that the trust in favor of a child or a daughter who was living at the death of the testator was valid. He said: 'I can conceive no ground why in respect of a child of J. L. in *esse* at the time of the testator's decease, there should not be a direction that her share should be settled to her children. In *Porter* v. *Fox,* 6 Sim. 485, and that class of cases, the difficulty arises from there being a gift to a class of persons some of whom can take whilst others cannot. In these cases it cannot be ascertained what is the share of each, and hence the gift

is held void as to all. Here, however, the children of each child of J. L. form a separate class, and the share of each class is separately ascertainable." *Gray on Perpetuities,* section 389.

In the case before us the final disposition of the estate is not to a single class of persons some of whom may be incapable of taking, but to distinct classes whose capacity must be separately considered and determined. Upon the death of each of the secondary life tenants his or her interest is given to his or her descendants absolutely, regardless of the continuance of the life interest of the other children or issue. All the life estates being valid, and the remainder limited upon each being disposed of separately by the terms of the deed, and the question of capacity to take on the part of the descendants of any particular life tenant does not depend upon the status of remaindermen claiming under a similar relationship to a different beneficiary.

The limitations in remainder to the descendants of children in being when the deed became operative are, therefore, valid and should be so treated, notwithstanding the fact that remainders to the children or descendants of an unborn child of the settlor at the time of the delivery of the deed and to the descendants of an after born issue of a child then alive, but subsequently deceased, would not be valid.

The decree of the lower Court being in accord with the views we have here expressed, it will be affirmed.

> *Decree affirmed, the costs of both appeals to be paid out of the trust fund.*