CAROLINE F. TURNER, Individually and as Administratrix, *vs.* SAFE DEPOSIT AND TRUST COMPANY, Trustee.

*Rule Against Perpetuities — Not Restrictive of Duration of Trust—Invalidity of Ultimate Limitation—Effect on Life Estate—Separate Limitations in Remainder.*

The object of the rule against perpetuities is to prevent the limitation of estates for future vesting upon contingencies which are not certain to happen within the period of a life or lives in being when the instrument making the disposition takes effect, and twenty-one years beyond, with an additional allowance of time for the possible death of a posthumous child.                                                    p. 375

The question of the validity of final limitations of an estate in remainder, in regard to the effect of the rule against perpetuities, must be disregarded in a decision as to whether the rule is violated by antecedent limitations for life.     p. 376

Where a will gave an equitable life estate to testator's widow, and subsequent life estates to such children of testator's brother as were living at the widow's death, the right of such children to the life estates were sustainable, as against the rule against perpetuities, even though succeeding limitations were invalid.
                                                        pp. 376, 377

An equitable estate, though held and administered under an active trust, is exempt from the operation of the rule against perpetuities, if limited to vest within the period which the rule allows.                                                       pp. 377, 378

Where a will directed the trustee, on the death of testator's widow, to divide the property into as many shares as there were children then living of his brother, and to pay the income of one share to each of such children for life, with a provision that the share so held in trust for a child of the brother should pass, on the child's death, to his or her issue, and in default of such issue, to the other life beneficiaries or their children, the validity, with reference to the rule against perpetuities, of the remainders in any one share was separately determinable, without reference to the validity of limitations of other shares.

pp. 379-381

Where, on a gift to a class, the number of the shares is definitely fixed within the time required by the rule against perpetuities, the question of remoteness is to be considered with reference to each share separately.                                   p. 381

Where by the terms of a will the persons to be included in the class of legatees of equitable estates for life, and consequently the number of shares to be set apart for their benefit, were certain to be ascertained within the period of the rule against perpetuities, final limitations of such shares, set apart to equitable life beneficiaries who were in being at testator's death, in favor of remaindermen who were necessarily living at the death of the life tenants, were not invalid under the rule.

p. 381

*Decided May 7th, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Petition by the Safe Deposit and Trust Company of Baltimore for the construction of the will of Harry F. Turner, deceased. From the decree rendered, one Caroline F. Turner, individually and as administratrix, appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Stuart S. Janney* and *James Carey, 3rd,* for the appellant.

*Charles McH. Howard* and *George P. Bagby,* for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Harry F. Turner, a resident of Baltimore, who died April 14, 1904, contains the following provisions:

"4th.  All the rest, residue and remainder of my estate of every kind and description, and wheresoever situate and being I give, devise and bequeath unto my dear wife Helen Turner in trust, to hold the same and to collect the rents, dividends, income and profits thereof and after the payment of all expenses to retain the net proceeds for herself, for and during the term of her natural life."

\*               \*               \*               \*

"6th.  From and after the death of my dear wife Helen Turner I give, devise, and bequeath, the rest, residue and remainder of my estate to the Safe Deposit and Trust Company of Baltimore in trust to hold the same, and to pay either out of the income or principal of my estate, the debts and funeral expenses of my dear wife, and to divide the remaining portion of my estate into as many parts as my brother Barreda shall have children living at the time of the death of my dear wife, the child or children of any deceased child of my brother Barreda, if any then living, to be treated as representing his or her parent, the trustee to hold and dispose of each part as is hereinafter mentioned; to hold the parts to which each child of my brother Barreda is entitled, and to collect the rents, income and profits thereof, and after the payment of all expenses to pay into the hands of each child his or her income from time to time, for the term of his or her natural life, and especially so that the same shall not be liable for the debts of said child

or taken in execution for his or her debts, and so that he or she shall not pledge or anticipate said property or said net income, or any part thereof, after the death of each of said children the trust as to his or her part of my estate shall cease, and the property and estate so held in trust as aforesaid of the one so dying, shall psas to and become the absolute property and estate of his or her children if any then living, the child or children of any deceased child, if then living, to take the share its parent would have taken if living, in case there should be no child or descendant of a child then living, then said property shall pass to and become the absolute property of his or her brother and sister, the children of any deceased brother or sister if then living to take the share its parent would have been entitled if living; the part of my estate to which the children of any deceased child of my brother Barreda are entitled at the death of my dear wife Helen Turner shall pass to them absolutely *per stirpes.*"

A codicil modifies the residuary clauses of the will by creating life estates in two-thirds of the residuary estate in favor of the testator's sisters, Isabel E. Cook and Katherine T. Kurtz, after the expiration of the life estate of the testator's widow, with remainders limited to pass under the terms of the 6th paragraph of the will.

The primary life estate, created by the fourth paragraph of the will, expired upon the death of the testator's widow in 1924. When the will became operative in 1904 the testator's brother, Barreda Turner, had three children, Robert B. Turner, Dorothy Craig and Elizabeth T. Miller. Prior to the termination of the widow's life estate, Robert B. Turner died testate and without issue. His wife, who survived him, is the sole beneficiary of his estate. It is contended on her behalf in this proceeding that the limitations in the will of Harry F. Turner, for the benefit of the children and descendants then living of his brother, Barreda Turner, for life, with remainders to their issue, or to the survivors of such life tenants, are invalid as violating the rule against perpetuities,

and that a condition of intestacy therefore exists as to the
portion of the residuary estate designed to be affected by
those limitations, and that it consequently vests in the heirs
at law of the testator, including his brother, Barreda Turner,
who died intestate in 1907. As an heir at law of Barreda
Turner, his son Robert is said to have become entitled to a
share of that portion of the residuary estate of Harry F.
Turner, to which the disputed limitations were intended to
apply. If the objection to their validity prevails, the widow
of Robert Turner will receive, as his devisee and legatee, a
substantial share of the estate in litigation.

The total residuary estate of Harry F. Turner is valued
at $240,000. But only one-third of that value is represented
by the portion of the estate with which the question to be
decided on this appeal is concerned, there being no contro-
versy as to the disposition of two-thirds of the residuary es-
tate in trust for the benefit of the testator's two sisters for
life with specified remainders.

The limitations in favor of the children of Barreda Turner
for life, after the preceding life estate in the widow of the
testator, and the bequests in remainder, are challenged on the
theory that they provide for a trust imposing active duties to
be performed beyond the period which the rule against per-
petuities prescribes. It is argued that the validity of an
active trust, with respect to the rule, depends upon its du-
ration, and that only in regard to legal estates is the time of
vesting material to the inquiry as to whether the rule has
been violated.

The object of the rule against perpetuities, as we said in
*Gambrill v. Gambrill,* 122 Md. 568, "is to prevent the limi-
tation of estates for future vesting upon contingencies which
are not certain to happen within the period of a life or lives
in being, when the instrument making the disposition takes
effect, and twenty-one years beyond, with an additional allow-
ance of time for the possible birth of a posthumous child.
*Dallam v. Dallam,* 7 H. & J. 220; *Newton v. Griffith,* 1 H.
& G. 111; *Biscoe v. Biscoe,* 6 G. & J. 232; *Barnum v.*

*Barnum,* 26 Md. 171; *Heald v. Heald,* 56 Md. 300; *Starr v. Starr M. P. Church,* 112 Md. 182; *Hollander v. Central Metal Co.,* 109 Md. 157; *Graham v. Whitridge, Levenson v. Manly, supra.* The rule is applicable to limitations of either legal or equitable estates in either real or personal property. *Graham v. Whitridge, supra; Biscoe v. Biscoe, supra;* 1 *Perry on Trusts,* secs. 378, 382. It relates to the *commencement* of future interests and not to their *duration,* and it is, therefore, immaterial whether the estate limited is in fee, for life or for years, provided the event upon which the limitation depends is certain to occur within the period which the rule defines. *Heald v. Heald, supra; Hollander v. Central Metal Co., supra; Graham v. Whitridge, supra; Lewis on Perpetuities,* 460-1; 1 *Jarman on Wills,* 340; 1 *Perry on Trusts,* sec. 380; 1 *Tiffany on Real Property,* sec. 152; *Gray on Perpetuities,* sec. 232."

The question as to the validity of the final limitations of the estate in remainder, in regard to the effect of the rule against perpetuities, must be disregarded in a decision as to whether the rule is violated by the antecedent limitations for life. In *Graham v. Whitridge,* 99 Md. 281, it was said: "Where an interest or estate is given by deed or will with a limitation over on a specified contingency, such limitation, if it violates the rule against perpetuities, is for the purpose of determining the effect on the prior disposition of the property, to be considered as stricken out, leaving the prior disposition to operate as if a limitation over had never been made. *Goodier v. Johnson,* 18 Ch. D. 441; *Coutier v. Oram,* 21 Beav. 91; *Taylor v. Forbisher,* 5 DeG. & Sm. 191; *Goldsboro v. Martin,* 41 Md. 48; *Heald v. Heald,* 56 Md. 300; *Lawrence's Appeal,* 136 Pa. St. 354; *DeFord's* case, 36 Md. 168."

By the testamentary provisions in question, equitable estates for life, after a precedent life estate in the widow of the testator, were limited to vest at the widow's death, and, therefore, necessarily within the period sanctioned by the rule against perpetuities. While the number and identity of

the secondary life beneficiaries were undetermined until the
widow's decease, and while after-born children of the tes-
tator's brother Barreda, or their issue, might be included,
yet only those were intended to take the succeeding equitable
life estates who were in being when the widow died. The
period of the rule extended twenty-one years and ten months
beyond that event. There were two children of Barreda
Turner who were living when the widow's life estate termi-
nated, and their right to the benefit of the life estates pro-
vided for them by the will is clearly sustainable as against
the rule here invoked, even if the succeeding limitations
should be held invalid, unless we accept the view that the
duration of the trust, rather than the time of the vesting of
the estates, is decisive of the question presented.

The trust we are considering was provided for the protec-
tion and administration of the successive equitable estates
pending the devolution of the title in ultimate remainders.
The duties of the trustee are similar to those usually inci-
dent to trusts created in aid of such limitations. In some of
the cases already cited there were trusts under which the
estates were to be administered, but the time of vesting of
the equitable estate for life, or the legal estate in final re-
mainder, and not the possible duration of the trust, was held
to be the important subject of inquiry. The most recent case
cited in support of the opposite view is *American Coloniza-
tion Society v. Soulsby,* 129 Md. 605. In that case the rule
against perpetuities was held to invalidate a trust of un-
limited duration for the purpose of promoting emigration to
Liberia. In *Missionary Society v. Humphreys,* 91 Md. 131,
the rule was declared to be violated by a devise in trust,
without restriction as to time, for the benefit of certain re-
ligious and charitable institutions. There was no question
in those cases as to the vesting of successive legal or equitable
titles. The purposes which the trust should serve were to
be continuous and unvarying from their inception and were
sought to be projected into the remote future. The proposed
duration of the trust being in evident excess of the time

permitted by the rule against perpetuities, the principle of that rule was applied to prevent the property granted or devised in trust from being rendered indefinitely or perpetually inalienable. The decisions to that end are entirely consistent with the view that an equitable estate, though held and administered under an active trust, is exempt from the operation of the rule, if limited to vest within the period which it allows.

A case closely analogous to the one now under decision is *Bowerman v. Taylor,* 126 Md. 203. A trust in that case, created by deed of husband and wife, was for the benefit of the wife during the joint lives of the settlors and for the benefit of the survivor until death or remarriage, and "upon the occurrence of either of such events, thereafter for the use of the settlor's children, born before or after the execution of the deed of trust, who might be living at the expiration of the estate of the surviving settlor, the issue then living of a deceased child to be substituted for the parent *per stirpes,"* and upon the death of any such children or issue their several interests were to vest in their respective descendants, if any, and if none, then to be held for the benefit of the surviving children and issue for life. After stating the rule against perpetuities in the terms which have been quoted in this opinion, the Court said in the case just cited:

"The life interests reserved to the settlors themselves are, of course, not open to question, and the succeeding life estates must vest in every instance, if at all, in beneficiaries who were in existence at the time of the death or remarriage of a person who was in being when the deed of trust took effect upon its delivery. The only difficulty in the case is in reference to the remainders in favor of the descendants of the "children and issue" in whom the precedent life estates were vested. In so far as such a remainder is sought to be limited to the descendants of a child of the settlors unborn at the time of the delivery of the deed, or to the descendants of afterborn issue of a child then living, but subsequently deceased, the rule is undoubtedly violated. But the limitations in remainder to the descendants of the children who

were in being when the deed became operative are unquestionably valid. *Heald v. Heald, supra.* Such remainders must necessarily vest, if at all, within the period of the rule, because they are given to those only who are in existence at the death of the person who was living at the date of the deed. And the validity of these limitations is not affected by the other remainders sought to be created in favor of the descendants of unborn children and issue in violation of the rule." * * *

"In the case before us the final disposition of the estate is not to a single class of persons some of whom may be incapable of taking, but to distinct classes whose capacity must be separately considered and determined. Upon the death of each of the secondary life tenants his or her interest is given to his or her descendants absolutely, regardless of the continuance of the life interest of the other children or issue. All the life estates being valid, and the remainder limited upon each being disposed of separately by the terms of the deed, the question of capacity to take on the part of the descendants of any particular life tenant does not depend upon the status of remaindermen claiming under a similar relationship to a different beneficiary."

The residuary clauses of the will in this case direct the trustee, at the expiration of the widow's life estate, and after payment of her debts and funeral expenses, to divide the remaining portion of the estate into as many parts as there were children of the testator's brother Barreda living at the time of the widow's death, the children of any deceased child of the brother to be treated as representing their parent, and it was provided that the part of the estate so held in trust for a child of the brother should pass, upon the death of such child, to his or her issue, if any then living, and in default of such issue, to the survivors of such life beneficiaries or their children. While the codicil reduced the amount of the estate which was to be divided into shares for the benefit of Barreda Turner's children for life, at the death of the testator's widow, it did not revoke the requirement in regard to the division. The final limitations in legal remainder were

to distinct classes of persons who were to take the respective parts of the estate into which it was to be separated. The immediately preceding life interest being valid, because certain to vest in all the members of the described class of life tenants within the period specified by the rule against perpetuities, the validity of the remainders in each of the segregated portions of the trust estate must be separately determined, upon the principle applied in *Bowerman v. Taylor*. There were no children of Barreda Turner born after the will in this case became effective upon the death of the testator. If there had been any such after-born children living when the widow's life estate ended they would have taken valid life interests in separated portions of the estate, but the limitations in remainder as to those portions of the estate would have been invalid because not certain to vest within the period of a life in being, plus twenty-one years, after the will became operative. The incapacity of a designated class of persons to take such a remainder should not impair the validity of a separate limitation in remainder to a different class.

One of the cases cited by the Court in *Bowerman v. Taylor,* and also in *Albert v. Albert,* 68 Md. 373, was that of *Wilson v. Wilson,* 4 Jur. (N. S.) 1076, where "the bequest was a sum of money upon trust to pay the income to the testator's wife during her life, and after her death in trust for the then present and future children of J. L., who would be living at the death of the testator's wife, and who would attain the age of twenty-one or marry, in equal shares, and the testator directed that the share of each daughter should be settled upon trust for her life, and after her death for her children. Sir W. Wood decided that the trust in favor of a child of a daughter who was living at the time of the death of the testator was valid," and said: "I can conceive no ground why in respect of a child of J. L. *in esse* at the time of the testator's decease, there should not be a direction that her share should be settled to her children," and he distinguished cases where the gift was "to a class of persons some of whom can take whilst others cannot," by saying: "Here,

however, the children of each child of J. L. form a separate
class, and the share of each class is separately ascertainable."

In *Gray on Perpetuities* (3rd ed.), sec. 391, it is said
that "when, on a gift to a class, the number of the shares is
definitely fixed within the time required by the Rule against
Perpetuities, the question of remoteness is to be considered
with reference to each share separately."

Under the will in this case the persons to be included in
the class of legatees of equitable estates for life, in succes-
sion to the life estate of the testator's widow, and the num-
ber of separate shares of the trust estate which should be set
apart for their benefit, were certain to be ascertained within
the period of the rule against perpetuities, and as the only
shares with which we are concerned are those of persons who
were in being when the testator died, the final limitations to
classes of remaindermen who must be living at the death of
those life tenants cannot be held to disregard the restrictions
which the rule imposes.

The decree of the court below declared valid all of the
dispositions made by the will and codicil, with respect to the
shares into which the trust estate is to be divided, since the
death of the testator's widow, and in that conclusion we con-
cur.

> *Decree affirmed, the costs to be paid out of
> the trust estate.*