GETZEL LEVENSON, MOSES N. ZENITZ AND SAM-
UEL LEVENSON, CO-PARTNERS, TRADING AS LEVEN-
SON AND ZENITZ, APPELLANTS, *vs.* WILLIAM M.
MANLY AND W. HALL HARRIS, TRUS-
TEES OF THE ESTATE OF FANNY H. H.
MANLY, DECEASED, APPELLEES.

*Perpetuities: statute against—; vesting within a life or lives
in being.*

Where property is rendered inalienable, or its vesting is de-
ferred for a longer period than a life or lives in being and
21 years and 9 months thereafter, the law denounces the
devise, bequest or grant as a perpetuity, and declares it void.
p. 523

The event upon the happening of which the remainder is to
vest must be one that is certain to happen within the pre-
scribed period, or the limitation will be void.         p. 523

A daughter and her prospective husband conveyed to a trustee
certain of her real property, reserving to herself alone the
full power and authority to sell, dispose of or convey the
same, and reserving to herself the right to receive and appro-
priate the income; subsequently, with her husband and trustee
she conveyed the property to the same trustee that had been
named in the will of her father, and subject to all the powers,
declarations and limitations mentioned and declared in her
father's will. By his will the father had left his property in
trust for the said daughter, and after her death, as she should
by will, etc., direct. The daughter, by her will, devised all
of her property in trust, with certain limitations and powers
of appointment, to M. In such a case, the validity of
limitations contained in the will of M., as to the property
so devised, should be considered as written in the will of the
daughter of the original testator, and not as though written
in the will of the testator himself.                    p. 524

In determining whether limitations are void as against the statute of perpetuities, it is immaterial to what number of lives the property be restricted, so that the property will certainly vest within the period prescribed by law.        p. 523

*Decided January 17th, 1913.*

Appeal from the Circuit Court for Baltimore City (BOND, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*George W. Lindsay* (with whom were *R. B. Tippett & Son,* on the brief), for the appellants.

*Charles McH. Howard* (with whom were *Harris & Thompson,* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

Christopher Hughes, a resident of Baltimore City, died in the year 1849, leaving a large estate. By his last will and testament which was dated September 29th, 1847, and duly admitted to probate by the Orphans' Court of Baltimore City, he devised and bequeathed all his estate, property and interest in possession, reversion or expectancy to Patrick Gibson and George S. Gibson, their heirs, executors, administrators and assigns in trust for the following uses and purposes, that is to say,

> "that they shall stand seized and be possessed of the
> same and every part thereof to and for the sole benefit,
> use and enjoyment of my daughter, Margaret Smith
> Hughes, for and during her natural life and subject to

the rents, issues and profits, interests, income and annual proceeds to her absolute disposition and control, with power and full authority to sell and dispose of or divide and partition, lease, let and arrange the real estate, and change the investments of personal property as they may think proper with my daughter's approbation and consent. * * * And from and after the decease of my said daughter, the estate, property, money and effects aforesaid shall be held, disposed of and owned to all intents and purposes whatsoever as my said daughter by her last will and testament or by and writing or appointment in the nature of a last will and testament may, whether married or unmarried, direct, limit and appoint, and I give, devise and bequeath the same accordingly."

Margaret Smith Hughes was born January 9th, 1819, and died August 1st, 1884. On July 8th, 1851, she married Anthony Kennedy, who was born December 21st, 1810, and died July 31st, 1892.

Margaret Smith Kennedy, the daughter, left a last will and testament dated December 29th, 1883, which was duly admitted to probate in the Orphans' Court of Baltimore City. By her will, which made reference to the power of appointment contained in the will of her father, she devised and bequeathed, after the payment of her debts, funeral expenses and certain legacies, all the rest and residue of her estate to her husband, Anthony Kennedy, for and during his life; but charged the income, rents and profits arising from said rest and residue with the payment of two thousand dollars annually, which sums she directed to be paid by her husband to Fanny Howell Hughes Kennedy, her adopted daughter.

After the death of her husband, and after the payment of all the pecuniary legacies mentioned in the will, she gave, devised and bequeathed unto George Armistead and J. Morrison Harris all the rest and residue of her estate, real, per-

sonal and mixed, to have and to hold the same upon the following trusts, to wit:

> "that they, the said George Armistead and J. Morrison Harris, take and receive the rents, issues, interests, dividends and profits accruing therefrom, and therewith pay all taxes, charges and expenses incident thereto, and after all such payments deducted, the residue of the said rents, issues, dividends, interests and profits as received by them to pay over to my adopted daughter, Fannie Howell Hughes Kennedy, during her natural life, as her sole and separate estate, free, clear and discharged from all contracts, claims, control or debts of any husband she may hereafter have, and after the death of my said adopted daughter, then I give and devise all the said residue of my property and estate to such person or persons as she by her last will and testament, duly executed, may appoint; and in the event of her failure to make such appointment, then and in that case I devise and bequeath the said property to all the children or the descendants of a deceased child or children, if any, of my said adopted daughter, living at the time of her death, to them, their heirs and assigns forever, to take *per stirpes* and not *per capita;* but in case my said adopted daughter should die intestate and without leaving at the time of her death any child or children or the descendants thereof, then and in that event I give, devise and bequeath the said rest and residue of my estate unto my first cousins, George R. Hughes, M. Sidney Boteler and Laura McKaig, as tenants in common."

Fanny Howell Hughes Kennedy, the adopted daughter of Mrs. Kennedy, was born October 9th, 1864, and died July 20th, 1894. On June 10th, 1886, she married William M. Manly, who was born February 24th, 1859. Mrs. Manly left surviving her her husband and one child, Christopher Hughes Manly, who was born March 29th, 1888. Both her husband and son are now living.

Mrs. Manly left a last will and testament dated September 28th, 1893, which was admitted to probate in the Orphans' Court of Baltimore County. Her will recited that it was executed for the purpose of fully disposing of all her property, interest, right, title and estate, "and of exercising all and every power or powers of testamentary disposition with which I may have been, or may at any time be in any manner whatsoever clothed or vested."

The twelfth item of her will is as follows:

"After the payment of all my just debts, funeral expenses, and all specific appropriations for the legacies hereinbefore declared, I give, devise and bequeath all the rest, residue and net remainder of my estate, real, personal and mixed wheresoever situated, to J. Morrison Harris and William M. Manly, in trust, to collect the rents and income thereof and apply the same in the first place to the payment of all taxes thereon and commissions, and all proper expenses incident to the conduct and management of my said property in the manner in which in the judgment of my said trustees its productiveness will be best maintained, and afterward to pay the net income semi-annually to my husband, the said William M. Manly, for and during the term of his natural life, subject to the charges hereinafter expressed in favor of such child or children as I may leave surviving me; and from and after his decease, in trust, to the surviving trustee or such other trustee as may be duly appointed by a court of competent jurisdiction to continue to hold the property, real, personal and mixed, upon like trust for the use and benefit of all and every child or children or descendants thereof, *per stirpes,* whom I may leave surviving me; the net income therefrom to be so divided between such child, children or descendants at least as often as semi-annually, until such child, children or descendants shall respectively attain the age of twenty-one years, when the share or portion of such child or descendants shall be paid and transferred to him

or her absolutely, free from this trust, which shall
then terminate as to such share or portion so paid or
transferred; and I do authorize my said trustee or
trustees, as shall have been as above recited duly ap-
pointed, to make any change in the trust fund which
he, or they, may deem judicious, and to sell and con-
vey any property of said trust, real, personal or mixed,
and the proceeds thereof to reinvest in good and well
secured investments which shall go and remain in the
same trust."

The appellees are by due succession and appointment the
trustees under the will of Mrs. Manly. They agreed to sell
and the appellants agreed to purchase from them in fee sim-
ple, for the sum of eighteen thousand five hundred dollars,
the lot of ground and premises described in the bill of com-
plaint, together with the improvements thereon, and known
as Nos. 13, 15 and 17 North Gay street, and No. 17 North
Frederick street; and by the terms of the written contract
for such sale and purchase it was provided that said sale was
contingent upon the title to said property being found to be
good and marketable.

The appellants declined to comply with the contract of
sale upon the ground that the appellees were not able to con-
vey a good and marketable title to the property, and from a
decree for specific performance of the contract passed by the
lower Court, they have brought this appeal.

The record shows that the particular property involved in
this case did not constitute a part of the estate of Christopher
Hughes, and as to it no power of appointment was conferred
by his will. It was the property of his daughter, Margaret
Smith Hughes. By a deed of trust or marriage settlement,
dated July 2nd, 1851, Margaret Smith Hughes and Anthony
Kennedy, her prospective husband granted and conveyed
this property to Patrick Gibson. In this deed full power
and authority was reserved to Margaret Smith Hughes alone
to sell and convey, lease or otherwise dispose of the real and

personal property thereby settled in trust, and to receive and appropriate the proceeds thereof as she might deem proper, as well as to devise and bequeath the same. By deed dated April 25th, 1867, Patrick Gibson, trustee, Margaret Smith Kennedy and Anthony Kennedy, her husband, conveyed the lot in controversy to Patrick Gibson and George S. Gibson, as devisees in trust under the will of Christopher Hughes, deceased, "to have and to hold said lot of ground and premises unto the said Patrick Gibson and George S. Gibson, devisees in trust as aforesaid, and the survivor of them, and the heirs and assigns of such survivor, upon the uses, and to the ends, intents and purposes and with, under and subject to all the powers, provises, declarations and limitations mentioned, expressed and declared in and by the last will and testament of said Christopher Hughes before referred to."

These are all the facts that need be stated to enable us to dispose of this appeal. There would seem to be no doubt that the limitations, *as to this particular property,* contained in the will of Mrs. Manly are valid. The power of appointment as to it was conferred upon her by the will of Mrs. Kennedy, and not by the will of Christopher Hughes, and, therefore, the limitations as to this property contained in her will are not void under the rule against perpetuities.

"The period fixed and prescribed by law for the future vesting of an estate or interest is a life or lives in being at the time of its commencement and twenty-one years and a fraction of a year beyond to cover the period of gestation; and where property is rendered inalienable, or its vesting is deferred for a longer period, the law denounces the devise, the bequest, or the grant as a perpetuity and declares it void." *Graham* v. *Whitridge,* 99 Md. 248; *Albert* v. *Albert,* 68 Md. 372; *Barnum* v. *Barnum,* 26 Md. 171; *Goldsborough* v. *Martin,* 41 Md. 501. The event upon the happening of which the remainder is to vest must be one that is *certain* to happen within the prescribed period, or the limitation will be bad. *Graham* v. *Whitridge, supra.*

To test the validity of the appointment in the will of Mrs. Manly, *so far as to the property here in question is concerned,* it is necessary to read the devise as to it as if it was written in and formed a part of the will of Mrs. Kennedy, in the place of the power itself therein contained. When thus read the devise is as follows: (1) To Anthony Kennedy for life; (2) after his death, in trust for Mrs. Manly for life; (3) after her death, in trust for William M. Manly for life; (4) at his death in further trust for the use and benefit of all and every child or children or descendants thereof *per stirpes* living at the time of her death, until such child or children or descendants, *shall respectively attain the age of twenty-one years,* at which time said trust shall terminate. The life tenants, Anthony Kennedy, Fanny Howell Hughes Manly, and William M. Manly were living at the time of the death of Mrs. Kennedy, and Christopher Hughes Manly, the only child of Mrs. Manly is now living, and, therefore, under the terms of Mrs. Manly's will this property would certainly vest within the period prescribed by law. The view we have taken of the case dispenses with the necessity of discussing the other questions presented. It was conceded that if the limitations as to this property contained in the will of Mrs. Manly were valid, the appellees could convey to the purchasers a good and marketable title to the property, and being of opinion that these limitations are valid, the decree appealed from will be affirmed.

> *Decree affirmed, the costs to be paid by the appellees out of the trust fund.*