JOHN W. HAWKINS, JR., ET AL., *v.* PIERRE
MOWELL GHENT ET AL.

[No. 79, October Term, 1927.]

*Decided January 13th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS,
OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*B. Harris Henderson,* with whom was *Adolph Schoeneis* on the brief, for the appellants.

*Howard A. Sweeten,* for Eleanor Cooksey Hawkins and others, appellees.

*Charles F. Harley,* with whom were *Burdette B. Webster* and *Michael James Manley* on the brief, for the Safe Deposit and Trust Company, appellee.

URNER, J., delivered the opinion of the Court.

In 1876 John W. Hawkins and Amanda Hawkins, his wife, conveyed certain real and personal property to Augustine James Dalrymple in trust for Amanda Hawkins, one of the grantors, during her life,

"with full power to the said Amanda to devise and bequeath the aforesaid property or any part thereof or any estate or interest therein to or for the use and benefit of such of her children and descendants and in such proportion as she may see fit and such part thereof as she may see fit to her present or any future husband for life and to devise and bequeath the whole or any part of said property as she may see fit in case she shall leave no child or descendant living at the time of her death and from and immediately after the death of the said Amanda in case she shall not have disposed of the aforesaid property under the powers above expressed and in so far as she shall not have made such disposition thereof in trust for the child or children of the said Amanda who may be living at the time of her death to take in equal shares if more than one and the issue then living if any deceased child or children of hers such issue to take the share or portion which its or their parent or parents would be entitled to if living."

Amanda Hawkins died in 1924, leaving a will by which she devised and bequeathed all of her residuary estate "including all the property mentioned in the deed of trust" from which we have quoted, and "in pursuance of the power

therein contained in respect of said property," to Alexander H. Robertson, in trust to divide the net income into four equal parts, which she directed to be paid respectively for life to her sons, Joseph Mowell Hawkins and John W. Hawkins, Jr., and her daughters, Sarah E. Ghent and Amanda M. Carter, subject to the payment of specific life annuities out of three of the portions to designated children of the principal beneficiaries for life, and it was then provided:

"And from and after the death of any of my said children his or her share of the said income to be paid by said trustee for a period of twenty years to the children of such deceased child of mine who may from time to time (in said period) be living, in equal shares, the descendants living from time to time in said period of any such children (of any deceased child of mine) who may be dead or may die during said period, to stand in the place of and take the share of such income to which the parent of such descendants would be entitled if living, and at the end of such period of twenty years I give, devise and bequeath the corpus from which such income was derived to the children then living of such deceased child of mine in equal shares, the descendants of any child then deceased of any such deceased child of mine to stand in the place of and take the share to which the parent of such descendant would have been entitled if living; and I empower and direct my trustee to divide said corpus among the persons so entitled, either in kind or by converting it and dividing the proceeds of sales. And upon the death of any of my said children without leaving issue or descendants of issue, his or her share to be held by my said trustee upon the same terms and conditions for the benefit of the survivor or survivors, and in the event of all of my said children dying without leaving issue at the time of his or her death, or descendants of issue, I devise and bequeath all of my said property unto my said trustee, in trust, nevertheless, to pay the income unto my daughter, Emma P. Fusselbaugh, if living, during her life, and at her death leaving issue or descendants

of issue at the time of her death, the same to be held by said trustee for the benefit of the said issue or descendants of issue for twenty years, and then to said issue or descendants of said issue absolutely and free of all trusts, but if the said Emma P. Fusselbaugh be not living, then in trust to pay the corpus of principal to her issue or descendants of issue, absolutely free of said trust."

The four children of Amanda Hawkins named in her will as legatees for life of the income from the trust estate thereby created were all born after the execution of the deed conferring the power which the will exercised, and they have all survived the testatrix. In this proceeding they ask for a judicial construction of the provision of her will relating to the power of appointment, and, upon the asserted theory that its limitations are invalid as violative of the rule against perpetuities and that the plaintiffs are consequently vested with absolute undivided interests, under the terms of the deed of trust, in the property thereby conveyed, they further request that a farm which forms part of the trust estate may be decreed to be sold, and the proceeds divided, on the ground that it is not susceptible of partition. Answers to the bill of complaint were filed by the Safe Deposit and Trust Company, the successor of the deceased original trustee, and by other persons, included as defendants, who have contingent interests in remainder if the secondary limitations defined in the will are effective. The court below decided that the provisions of the will in attempted execution of the power were valid so far as the equitable life estates bequeathed to the four designated children of the testatrix were concerned, and that it was not then necessary to determine questions as to the validity of the succeeding limitations, but as the evidence showed that a sale of the farm mentioned in the bill would be beneficial to the trust, the decree provided for such a sale and for the investment of the proceeds in the due course of the trust administration.

The primary life estates under the will are clearly valid. Each of them was certain to vest, if at all, within the period

which the rule against perpetuities prescribes. That period extends for twenty-one years and ten months beyond a life or lives in being when the instrument to which the limitation in question is referable became operative. The rule is concerned with the time of the vesting of estates and not with their duration. It is applicable to both legal and equitable estates. A limitation otherwise valid under the rule is not impaired by an ensuing limitation which is void. When a disposition is made in execution of a power, it must be considered as if it were embodied in the deed or will by which the power was conferred. It is from the time when the authorizing instrument became effective, and not from the date on which the executing paper first takes effect, that the period allowed by the rule against perpetuities must be measured. These are well settled principles. *Graham v. Whitridge,* 99 Md. 248; *Levenson v. Manly,* 119 Md. 517; *Gambrill v. Gambrill,* 122 Md. 563; *Bowerman v. Taylor,* 126 Md. 203; *Ortman v. Dugan,* 130 Md. 121; *Goldberg v. Erich,* 142 Md. 544; *Turner v. Safe Deposit & Trust Co.,* 148 Md. 371. When the residuary clause of the will of Amanda Hawkins is read into the deed of trust which she executed, the effect is to make the deed provide for equitable life estates which were to vest in four of her children immediately upon her death. The time specified for the vesting of those estates was therefore well within the period defined by the rule.

In our opinion, the circuit court was justified in declining to decide the questions raised as to the limitations subsequent to those for the lives of children of the testatrix. All of the later limitations are contingent. It is uncertain whether any of the parties to this suit will become entitled by survivorship to a part of the income or corpus of the estate when existing life interests expire. This court has heretofore adopted the policy of refraining from the determination of future rights of parties depending upon conditions which may never exist, especially where, as in this case, there is no immediate need for such a decision. *Wahl v. Brewer* 80 Md. 237; *Wethered v. Safe Deposit & Trust Co.,* 79 Md. 153; *Devecmon v. Shaw,* 70 Md. 235; *Woods v. Fuller,* 61 Md.

460; *Heald v. Heald,* 56 Md. 307. When events shall have ended the uncertainties which make the secondary limitations contingent, the question of their validity may then be presented for decision by persons having a definitely ascertained interest in the inquiry, but it would be premature now to decide such a question at the instance of parties who cannot yet claim, and may never be able to assert, the rights to be affected by the adjudication. We shall therefore not express at this time an opinion as to whether, with respect to the application of the rule against perpetuities, the execution of the testamentary power conferred by the deed of trust may be referred to the time when the donee's will took effect, rather than to the date of the deed, in view of the fact that the donee was also the donor of the power, and that the deed authorized her to revoke the trust under certain conditions. For the purposes of this decision we have treated the execution of the power as being referable to the date of the deed, but we have not intended to foreclose the question whether it may properly be referred to the later period suggested in the argument. The present life estates are valid upon either of those theories.

No question is raised as to the propriety of the provision in the decree for the sale of the farm belonging to the trust, with a view to the more profitable investment of the proceeds. The jurisdiction of the court to decree the sale appears to have been acquired in accordance with the terms of section 243 of article 16 of the Code.

*Decree affirmed, with costs.*