MURPHY, Guardian Ad Litem, Etc. *v.* MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY, Trustee ET AL.

[No. 442, September Term, 1963.]

*Decided October 15, 1964.*

The cause was argued before the entire Court.

*Robert C. Prem* and *T. Rognald Dankmeyer, Jr.,* with whom was *Hilary W. Gans* on the brief, for the appellant.

*David Ross* for J. Leo Tierney, Guardian Ad Litem for the four natural children of the testatrix, an appellee.

No brief and no appearance for the other appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal from a decree holding that a testatrix in her will, which exercises a power of appointment contained in a prior deed of trust executed by her, did not violate the rule against perpetuities as to life estates created for her natural children. The decree reserves for future determination all other questions of the validity of future interests under the deed of trust. The appellant is guardian *ad litem* for four adopted children of the testatrix who, by her will, were excluded in favor of her natural children.

Anne Shriver Mitchell executed a deed of trust on May 10, 1945, under which she transferred securities of substantial value to the Safe Deposit and Trust Company, (now Mercantile-Safe Deposit and Trust Company of Baltimore) as trustee, with broad powers of sale, transfer and management. The deed of trust provided that the trustee should pay the income from the corpus to the settlor during her lifetime and that, upon her death, the remaining trust property should be distributed to such persons and in such manner as the settlor designated and appointed by her last will and testament. In default of appointment, provisions were made for the settlor's husband and her mother as to two-thirds of the net income of the trust property and the remainder of the net income was to be distributed to the settlor's children living from time to time and the descendants of deceased children *per stirpes*. The corpus, in default of appointment, was to be distributed twenty-one years after the death of the last survivor of certain named per-

sons living at the time of the execution of the deed of trust to the children and other descendants of the settlor then living, *per stirpes*. At the time of the execution of the deed of trust, the settlor had only one child living, a daughter, Beverly. Subsequent to its execution, she had three other children by her then husband, George W. Mitchell, Jr. Thereafter she was divorced and married Richard J. Carey. She had no children by this marriage but adopted four children of her second husband by his prior marriage. The settlor was subsequently divorced from Carey and was unmarried at the time of her death on February 3, 1962.

On January 19, 1962, the settlor executed a Last Will and Testament in Massachusetts which, after her death, was duly admitted to probate in that State. The Third paragraph of the will provides as follows:

"THIRD: Bearing in mind my adopted children, Richard J. Carey, Jr., Marie J. Carey, Jane Carey and Sherrill Carey, all the rest, residue, and remainder of my property, including the property over which I have a power of appointment, reserved by me in a deed of trust dated May 10, 1945, between me, as Settlor, and Safe Deposit and Trust Company, as Trustee, I give, devise and bequeath to Mercantile-Safe Deposit and Trust Company, of Baltimore, Maryland, as Trustee, to hold in trust and manage the same, and, after paying the proper expenses and charges for administration, to dispose of the income and principal thereof as follows:

(a) To pay the net income of said trust fund in equal shares per stirpes to the children born to me and my first husband, George W. Mitchell, Jr., namely: Beverly S. Mitchell, George W. Mitchell III, Ann J. Mitchell, and Edward D. Mitchell, the descendant or descendants of any deceased child to take per stirpes the share to which his, her or their parent would have been entitled if living. In the event that at any time during the continuance of the trust, any one of said children, or the last surviving descendant of a

deceased child, shall die without leaving a descendant or descendants, his or her share of the income shall be paid in equal shares per stirpes to my other said child or children, or their descendants then surviving.

(b) The trust created hereunder shall continue until the death of the last survivor of the four children of my first marriage named in sub-paragraph (a) hereinabove, whereupon said trust shall terminate and the principal thereof shall be paid over free and clear from further trust to my then living descendants, in equal shares per stirpes."

The effect of the will, if valid, is to exclude the settlor's (testatrix's) adopted children, the Careys, in favor of her natural children, the Mitchells.

The Mercantile-Safe Deposit and Trust Company of Baltimore, the trustee under the deed of trust, was also named as executor and trustee in the settlor's will. It filed its Bill of Complaint in the Circuit Court of Baltimore seeking the court's instructions as to the proper administration of the trust held by it under the deed of trust. A number of questions were presented for the court's determination but the only issue presented on this appeal is whether the exercise of the power of appointment by the will violates the rule against perpetuities.

The appellant contends that, because under the will the life estates to the settlor's children were part of a larger gift which contains within its terms a possibility of a too remote vesting, the whole gift, including the life estates, violates the rule against perpetuities. The trust estate under the will is to be held until the death of the last survivor of the Mitchell children, three of whom were born after the date of the deed of trust, and as each new surviving child dies, his interest is to vest in his or her descendants. The appellant argues that, since the surviving child might not be a life in being, at the time of the execution of the deed of trust, a vesting within the continuation of the trust created by the will may be too remote. It is his position that *Ryan v. Ward,* 192 Md. 342, 64 A. 2d 258 (1949), rather than *Hawkins v. Ghent,* 154 Md. 261, 140 Atl. 212 (1928), is controlling. The appellee, the guardian *ad litem* for

the Mitchell children, contends that the life estates of the four Mitchell children are valid.

Under our decisions, the provisions of a will exercising a testamentary power of appointment given under a deed of trust must be considered as if contained in the deed of trust in determining whether or not the appointment violates the rule against perpetuities. The period of the Rule is calculated from the date of the deed of trust creating the power and not from the exercise of the power by the will. *Gambrill v. Gambrill,* 122 Md. 563, 89 Atl. 1094 (1914) ; *Hawkins v. Ghent, supra; Ryan v. Ward, supra; Fitzpatrick v. Mercantile-Safe Deposit & Trust Co.,* 220 Md. 534, 92 A. 2d 702 (1959). It is the time of vesting and not the duration of the estate which determines whether or not the rule against perpetuities has been violated. If an estate vests within a life in being and twenty-one years, it is valid irrespective of the duration of the estate. *Gambrill v. Gambrill, supra; Hawkins v. Ghent, supra; Fitzpatrick v. Mercantile-Safe Deposit & Trust Co., supra.*

In *Hawkins v. Ghent, supra,* the deed of trust provided for the payment of the trust income to Amanda Hawkins, one of the settlors, for life with power to Amanda to appoint the trust property to her children and descendants. In her will she bequeathed the residue of her estate, including property over which she had a power of appointment, in trust to divide the income into four shares and pay one share to each of her four named children for life; and upon the death of any child to pay the income from such child's share to his or her descendants from time to time living for twenty years and then pay the corpus of such share to the descendants then living of the child. All of Amanda's four children were born after the execution of the deed of trust and all survived her. We affirmed the decree of the lower court holding that the primary life estates were valid and declining to decide the questions raised as to the limitations subsequent to those for the lives of children of the testatrix. In delivering the opinion of the Court, Judge Urner said :

"The primary life estates under the will are clearly valid. Each of them was certain to vest, if at all, within the period which the rule against perpetuities pre-

scribes. That period extends for twenty-one years and ten months beyond a life or lives in being when the instrument to which the limitation in question is referable became operative. The rule is concerned with the time of the vesting of estates and not with their duration. * * * When the residuary clause of the will of Amanda Hawkins is read into the deed of trust which she executed, the effect is to make the deed provide for equitable life estates which were to vest in four of her children immediately upon her death. The time specified for the vesting of those estates was therefore well within the period defined by the rule.

"In our opinion, the circuit court was justified in declining to decide the questions raised as to the limitations subsequent to those for the lives of children of the testatrix. * * * This court has heretofore adopted the policy of refraining from the determination of future rights of parties depending upon conditions which may never exist, especially where, as in this case, there is no immediate need for such a decision." 154 Md. at 264, 265.

In *Ryan v. Ward, supra,* the deed of trust provided for payment of income to the settlor for life, then to his son Frank R. Ward for life and upon the son's death to "the lineal descendants, *per stirpes,* from time to time living, of the Grantor's said son until the death of the last surviving child of the Grantor's said son" at which time the corpus was distributable. The validity of the life estate to the settlor's son was not questioned but upon his death the validity of the income gift to the son's lineal descendants was challenged because the measuring life for the income estates was to be the surviving child of the settlor's son and it was possible for the son to have had children subsequent to the execution of the deed of trust. The gift to lineal descendants was clearly a class gift and this Court applied the rule that when gifts to one or more members of a class are void for remoteness all gifts to the class are void.

The court below held that this case is governed by *Hawkins v. Ghent, supra.* We agree. As the learned Chancellor stated in

his opinion: "The Court is of the opinion that the life estates are not a class gift but are separate gifts in equal shares to *each of four named persons.*" It is true that under the will, in *Hawkins v. Ghent, supra,* provision was made for distribution of the income subsequent to each life estate for twenty years, at which time the corpus was to be distributed, while in the present case provision is made for the distribution of the income until the death of the survivor of the four Mitchell children. This factual difference, however, does not prevent the holding in *Hawkins* from controlling in this case. In both cases, the life estates of the children vested upon the death of the settlor. Insofar as the life estates are concerned therefore, here, as in *Hawkins,* the Rule was not violated. A limitation otherwise valid under the rule against perpetuities is not impaired by an ensuing limitation which is void. See *Hawkins v. Ghent, supra,* at 265; *Heald v. Heald,* 56 Md. 300, 313, 314 (1881).

The appellant also questions the correctness of our decision in *Hawkins.* We do not share his doubts. In the sequel to *Hawkins, Fitzpatrick v. Mercantile-Safe Deposit & Trust Company, supra,* the holding in the prior case was referred to with approval. See Jones, *The Rule Against Perpetuities as Applied to Powers of Appointment in Maryland,* 18 Md. L. Rev. 92, 103, 104 (1958).

The appellant admits that, unlike the situation in *Ryan v. Ward, supra,* the will in this case does not create a class gift. It is his contention that, because the life estates in this case, as in *Ryan,* were a part of a larger gift which contained within its terms the possibility of a too remote vesting, the whole gift, including the life estates, should be held to violate the Rule. In *Evans v. Safe Deposit & Trust Co.,* 190 Md. 332, 58 A. 2d 649 (1948), Judge Markell said for the Court, at page 340:

> "The 'antithesis' of a class gift 'is a gift to an individual either by name or by some description sufficiently explicit to permit the donee to be identified as the particular individual for whom the gift was intended'."

In this case, the life estates were to specifically named individuals.

Whenever invalidity results from an application of the rule against perpetuities, the intent of the settlor or the testator is to that extent frustrated. The Rule is one of policy in favor of free alienability and transferability. Restatement, *Property*, §§ 2119, 2200 (1932); Jones *op. cit.*, at 93. In this case, as in *Hawkins*, the Rule is not applicable as to the life estates which vested on the settlor's death. As the Chancellor properly held, all other questions of construction or determination of the validity of the future interests can be resolved if and when a subsequent factual situation makes that resolution necessary. *Rappold v. Rappold*, 224 Md. 131, 137, 166 A. 2d 897, 900 (1961); *In re Clarke's Will*, 198 Md. 266, 81 A. 2d 640 (1951); *Hawkins v. Ghent, supra.*

In view of our holding as to the validity of the life estates to the Mitchell children under the common law, we do not reach the question of the extent to which the common law rule has been broadened by the "wait and see" statute. Code (1964 Cum. Supp.), Art. 16, Section 197A. See Jones, *Reforming the Law—The Rule Against Perpetuities*, 22 Md. L. Rev 269, 278 (1962).

> *Decree affirmed, costs to be paid out of the trust estate.*