### THOMAS SPURR v. THE NORTH HUDSON COUNTY RAILROAD COMPANY.

1. In case of a joint tort the person injured, if he accept satisfaction from one of such tort-feasors, cannot sue the other.
2. One of two tort-feasors, upon being sued, pleaded settlement by plaintiff with his defendant companion. The plaintiff replied that such settlement had been obtained by fraud. The rejoinder was that upon bill filed by the plaintiff to set aside the settlement for fraud, it had been established by decree. *Held*, that such decree was conclusive between the plaintiff and the defendant who was not a party to the chancery suit.

On demurrer to rejoinder. The facts are fully stated in the opinion.

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *William H. Davis.*

For the defendant, *Besson & Besson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an issue fashioned by a demurrer. The facts are thus stated in the pleadings: The *narr.* alleges that the plaintiff, being a passenger in the street car of the defendant, was hurt by the negligent handling of said car by its servants, the act of negligence being the putting the car in such a position as to be run into by a locomotive of the Pennsylvania Railroad Company. To this cause of action, in a special plea, the defendant stated that the grievance complained of, if any such there were, was committed jointly by the defendant and the Pennsylvania company, and that the plaintiff, by his deed and for a certain consideration therein mentioned, had released unto the last-named company all claims and demands for damages occasioned by said supposed grievance. The replication to this defence is, that the release and settlement just mentioned were made and obtained from the said plaintiff by the deceit and fraud of the said Pennsylvania company, the same being specified. To this replication the answer in the defendant's rejoinder is to the effect that upon a bill exhibited in the Court of Chancery by the plaintiff against the said Pennsylvania Railroad Company, to set aside the release and settlement in question, a decree was entered repudiating the alleged fraud and validating said release and settlement. This rejoinder provoked the demurrer now to be disposed of.

It was admitted upon the argument, on the legal issue thus presented, that, in the language of the brief of the counsel of the defendant, " while separate suits may be brought against several defendants for a joint trespass, and while there may be a recovery against each, yet there can be but one satisfaction." For this doctrine, which is not disputable, the case, among others, of *Livingston* v. *Bishop,* 1 *Johns.* 290, was cited.

Recognizing and acknowledging this principle, in reply to a plea that such a satisfaction had been received for the present joint grievance, the plaintiff replied that such settlement had been obtained from him by the fraud of the Pennsylvania Railroad Company, and this assertion led to the rejoinder that such question of fraud had been litigated between the plaintiff and that company, the result being a decree validating the settlement in question. And hereupon the counsel of the plaintiff raises in his brief the contention that the proceeding in equity, resulting in the decree just stated, was *res alios acta;* that not being a party to the record the judicial decision cannot be set up to bar his right to controvert the validity of the settlement.

This argument moves upon the ground of the ordinary principle that an estoppel by record, in order to be binding, must be mutual.

But we think that this principle cannot be applied to the instance now before us. The entire substance of the inquiry presented by this demurrer is, whether a legal settlement has obtained between the plaintiff and the Pennsylvania company; and touching that fact the record before us, as between these parties, is plainly conclusive. Nor would proof by the plaintiff, in the present suit, that the settlement in question was vitiated by fraud, unsettle in any degree whatever the adjudicated fact. Even in the presence of the most conclusive evidence on that subject, the settlement in controversy would still remain incontestably established.

But again: we also think that, in a legal sense, the defendant is here claiming under the Pennsylvania company by reason of the settlement in question, and that therefore he is, in this respect, in privity with that company. He here sets up the act of that company and claims exemption from this suit through it. This being his *status,* he would have been bound by the decision in chancery, if the decree had annulled the settlement on the ground of fraud, for it is obvious he could not have set up such an invalidated settlement as a bar

to this action. This being so, it follows that there is plainly no want of mutuality between these litigants in the estoppel now contesting.

Let the defendant take judgment on the demurrer.