## Barclay's Estate.

Argued October 4, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. I. Hook,* of *Scott & Hook,* for appellant.

*William J. Kyle,* with him *Patrick D. Reinhart,* of *Kyle & Reinhart,* for appellee.

OPINION BY MR. JUSTICE DREW, November 12, 1937:

In 1922 Orpha T. Barclay transferred real estate and securities to the Citizens National Bank of Waynesburg to hold as "guardian or trustee," as she termed it, for two grandchildren, of whom the exceptant, Margaret

Barclay Butler, is one. The bank was liquidated and dissolved in 1927 and the Barclay trust passed to appellant, First National Bank and Trust Company of Waynesburg, as its successor. Orpha Barclay gave written approval of this succession, and therein again used the designation "guardian or trustee." The appellant several times petitioned for leave to spend money of the trust for exceptant's education and maintenance, each time designating itself "guardian or trustee." By will probated in 1932 Orpha Barclay bequeathed an additional amount to appellant to hold on the same conditions and for the same beneficiaries as named in the 1922 instrument.

In 1930 exceptant, then a minor, petitioned the orphans' court for appointment of a guardian to represent her with respect to leases of certain oil land held by appellant under the transfer set out above. Appellant was appointed guardian, and several times thereafter, as guardian under this appointment, presented petitions for ratification and approval of a prior lease and a renewal thereof.

The time for distribution under the terms of the 1922 trust, and of the will, has arrived, and the minor has long since come of age. Although appellant is a fiduciary in two distinct capacities—trustee, both *inter vivos* and testamentary, and guardian by appointment of the orphans' court, it has filed but one account, that as guardian. In it were placed all items pertaining to the two accounts. At the audit exceptions were taken, challenging the filing of the account in this combined form; the court below struck it from the record, and directed appellant "to file a proper account of its administration as trustee. . . ." This appeal followed.

However the creator of these trusts may have termed appellant and its predecessor, and however appellant may have regarded itself in relation to the beneficiaries, a grandparent, as the court below pointed out, cannot appoint a guardian for grandchildren in any legal sense

either by deed or will. Consequently appellant was solely a trustee under the designation of the grandmother. The scope of its true guardianship is clearly set out in the minor's petition which led to the appointment. The order making the appointment must be read in the light of the petition that preceded it. Hence, although the order is rather general, it did not create appellant guardian in all its relations with the exceptant. It was only made guardian for the special purpose set out in the petition, to take care of petitioner's property and income in a certain oil and gas lease. This, indeed, is recognized by appellant, for the only action it ever took under this appointment was with respect to that lease.

It would seem fundamental that distinctly different fiduciary functions require separate accounting. They are so treated in the statutes. Although both accounts are reviewable in the orphans' court they must maintain their basic differences. As guardian appellant was bound to account for all money received from the oil and gas lease. That was the extent of the guardianship and all that should be included in that account. As trustee under the 1922 designation, appellant was bound to report all moneys received in that account, and from 1932 also include in that account a full statement of all receipts and disbursements of funds received under the will. It is essential that its accounts as guardian and as trustee be kept separate. This is done by the courts, and by the offices of the courts where such accounts are filed. The court below was right in ordering appellant to file a separate account as trustee.

Decree affirmed, and case remitted for further proceedings.