## CLEVELAND et al. v. MERCANTILE TRUST CO., et al.

### No. 2546.

District Court D. Maryland.
May 26, 1942.

Charles R. Posey, Jr., of Baltimore, Md., and Lucking, Van Auken & Sprague and Wm. Alfred Lucking, all of Detroit, Mich., for plaintiff.

Harry N. Baetjer (of Venable, Baetjer & Howard) and Norwood B. Orrick, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

Both the plaintiff and the defendant have filed motions to dismiss certain prayers of the bill of complaint which was filed in this court on June 2, 1938. Plaintiff insists that the dismissal should be *without prejudice*. Defendant, however, submits an order for dismissal which, in terms, does not expressly state that it is with prejudice, but contends the effect of it will be a dismissal with prejudice. The question is whether the order submitted by the plaintiff without prejudice should be signed, or in the alternative, that submitted by the defendant.

The present controversy relates to the duties of the Mercantile Trust Company of Baltimore, as trustee under a certain deed of trust, made to it by Lila Eddy Doebler, dated December 24, 1925. The plaintiff alleges that the trustee was negligent in its failure to collect certain income payable to it under the deed. Plaintiff is the daughter of the grantor of said deed who died in 1938 and whose will has been probated in the Orphans' Court of Baltimore City. The defendant, the Mercantile Trust Company, promptly answered the original bill of complaint, denied any mismanagement or neglect of its duties as trustee, and pointed out that any cause of action in that respect was enforceable only by the executor or administrator of Lila Eddy Doebler.

It further appeared that the will of Lila Eddy Doebler left her residuary estate in trust to the Mercantile Trust Company of Baltimore and J. LeRoy Hopkins, a member of the Baltimore Bar who, however, predeceased the testatrix. Mr. Hopkins was also made executor of the will, and in view of his prior death it was necessary for the Orphans' Court to appoint an administrator or administrators c.t.a. One of the prayers of the original bill of complaint in this case sought an injunction against the appointment of the Mercantile Trust Company as an administrator of Mrs. Doebler's will; but this prayer of the bill was never pressed and shortly thereafter, by stipulation or agreement and without further contest, the Mercantile Trust Company, Mr. Walter L. Clark, a well-known Baltimore attorney, and the defendant, Valentine S. Doebler, the surviving husband of the testatrix, were appointed administrators c.t.a.

Mrs. Doebler's will, in Item 7, provided as follows: "I direct that my said trust estate shall be administered under the jurisdiction of an equity court, and that there shall always be two trustees, one of which shall be ·a strong, well established corporation, and the other an experienced lawyer of high standing in the community and who shall have no connection with the corporate co-trustee."

No judicial action of the court in this case was asked for until on April 19th, 1939, and without contest, the plaintiff asked for the appointment of a testamentary trustee to serve as co-trustee with the Mercantile Trust Company. At the request of the parties the court then assumed jurisdiction over the trust estate and appointed Mr. Walter L. Clark as co-trustee, who duly qualified. Thereafter, from time to time,

some uncontested routine orders were passed in the administration of the estate. Mr. Clark having died in 1941, on October 7, 1941, on petition of the defendant Valentine S. Doebler, Mr. Roszel C. Thomsen, of the Baltimore Bar, was appointed as his successor and Mr. Thomsen promptly qualified. On October 21st, on petition and schedules, an order of court was passed referring the papers to an auditor to state a trustee's account of corpus and income and in due course, on November 19th, the accounts were filed and not excepted to.

In the meantime during the more than three years of the pendency of the case, no action of the parties was taken to bring on for hearing the prayer of the complaint alleging mismanagement by the Mercantile Trust Company as trustee under the deed of trust of 1925. However, in February of 1942, the Mercantile Trust Company initiated proceedings to have a hearing on this prayer of the bill. The Court indicated tentatively an early day for such a hearing but for convenience of one or more of the parties, the date for hearing was postponed from time to time. On March 19th the plaintiff filed a petition for a dismissal of this prayer of the bill without prejudice and called attention to litigation in the State and Federal courts of Michigan involving the particular controversy. On March 30th, the Mercantile Trust Company filed its petition for dismissal of the complaint in part. On April 15th, on a stipulation of the parties an order of court was passed dismissing the complaint except as to certain matters, including the assumption of jurisdiction over the trust estate under the will and the appointment of co-trustees. The issue as to alleged mismanagement by the Mercantile Trust Company under the deed of trust of December 24, 1925, was not then dismissed. On April 28, 1942, the plaintiff filed an amendment to her motion to dismiss this prayer of the bill with regard to alleged mismanagement *without prejudice* on the further ground that as administrators c.t.a. of the estate of Lila Eddy Doebler had been appointed by the Orphans' Court of Baltimore City, the cause of action set forth in the complaint with respect to alleged mismanagement by the Mercantile Trust Company as trustee under the deed of trust "became vested in said administrators, and by reason of the fact that all of the administrators c.t.a. were and the surviving administrators c.t.a. are citizens and residents of the State of Maryland, this court, by reason of lack of diversity of citizenship and for other reasons has now no jurisdiction of the subject matter of the pending prayers or of the parties." The point here made is not very clearly developed but apparently is based on the fact that both the administrators are citizens of Maryland and the Mercantile Trust Company, one of the administrators, is therefore also a citizen of Maryland within the contemplation of diversity of citizenship.

As above noted, the plaintiff's petition for the dismissal with respect to alleged mismanagement by the Mercantile Trust Company as trustee under the deed of trust of 1925, despite the long pendency of the case without action on the part of the plaintiff to bring the issue on for hearing, is based principally on the pendency of certain Michigan litigation. From what is recited in this respect, and apparently not disputed by counsel for the Mercantile Trust Company, it appears that some years ago litigation arose in a State court of Michigan in which the present plaintiff, Cynthia Mills Cleveland, was a party, which directly involved the question as to whether all income due to Mrs. Doebler had been collected by the Mercantile Trust Company; but this State court case was removed to the Federal court and there adjudicated adversely to the plaintiff's present contention and the judgment of the District Court was affirmed by the Sixth Circuit Court of Appeals a year or more ago and certiorari denied by the Supreme Court; Van Auken v. Second Nat. Bank Co., 117 F.2d 1009; Id., 313 U.S. 594, 61 S.Ct. 1119, 85 L.Ed. 1547; but that thereafter another case was begun in a Michigan State court for the purpose of determining that the adjudication referred to was not binding or res adjudicata on the ground that the Michigan State court in which the original proceeding had been brought, was without jurisdiction of the subject matter, and consequently the Federal District Court to which it was removed, was also without jurisdiction. In this connection the present plaintiff refers to Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671, and Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285. The contention that the Federal District Court in Michigan was without jurisdiction, if sound, would be an exception to the well-established proposition that judgments of the Federal court cannot be attacked col-

laterally even on the ground of lack of jurisdiction after they have become final and the time for appealing has expired. See Rose Federal Jurisdiction and Procedure, 5th Ed., Sec. 11, p. 16; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Windholz v Everett, 4 Cir., 74 F. 2d 834. However, we are not directly concerned with this question at this stage of the present case, as the defendant has not pleaded the judgment of the Federal court of Michigan as conclusive here.

The present question is solely whether the issue in the case as to alleged mismanagement by the trustee should be dismissed for want of prosecution with or without prejudice. Rule 41 of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, deals with the subject matter. Rule 41(a) deals with voluntary dismissals and their effect (1) by the plaintiff or by stipulation; and (2) by order of court. The final sentence of (2) is, "unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." 41(b) deals with the effect of an involuntary dismissal, particularly after the submission of evidence at a trial, but also for failure of the plaintiff to prosecute the action. The final sentence of 41(b) is as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." (Italics supplied.)

It is not entirely clear within which category of dismissal the present situation before the court properly falls. Both parties are seeking a dismissal. Plaintiff's application is for a voluntary dismissal without prejudice. The defendant's application is for an involuntary dismissal for failure of the plaintiff to prosecute and therefore, with prejudice. And the plaintiff also advances the view that the dismissal, even if regarded as an involuntary one, upon the defendant's motion should be for lack of jurisdiction for the reason previously mentioned.

After consideration, I have reached the conclusion that the order for dismissal should be signed in the form presented by the defendant which specifies as the ground therefor lack of prosecution by the plaintiff. The defendant contends that the effect of this order will operate as an adjudication upon the merits of the plaintiff's claim of alleged mismanagement by the Mercantile Trust Company as trustee under the deed of trust; but the plaintiff apparently contends or will contend that the dismissal is for lack of jurisdiction and therefore, in legal effect without prejudice. The order submitted by the defendant does not expressly state that it is with or without prejudice. In this connection it is to be noted that what is dismissed is the charge made by the plaintiff Cynthia Mills Cleveland, of mismanagement. She is not a party who has the right to prosecute in her own name this charge. If there is a proper cause of action against the trustee for mismanagement, the title thereto and the right to prosecute it is admittedly in the administrators c.t.a. of the testamentary estate of Mrs. Doebler. This was the position properly taken by the Mercantile Trust Company in filing its answer to the bill of complaint and the position is concurred in as correct by the plaintiff. While the suit has been pending nearly four years, no party has made any move to bring the administrators as such into the case, although they are both parties to the case in other capacities. The situation is somewhat unusual in that the Mercantile Trust Company which would be the defendant in the prosecution of the charge of mismanagement is also one of the administrators c.t.a. in whom is vested the title to prosecute the charge. Naturally, it would not be expected to give color to the charge by advancing it. Mr. Walter L. Clark, one of the administrators c.t.a., apparently took no action to adopt or prosecute the charge during his lifetime and the third administrator c.t.a., Valentine S. Doebler, a defendant herein in his individual right, has not undertaken to prosecute the charge. Nor does it appear that the present plaintiff, a beneficiary under the will, has ever formally demanded that the surviving administrators or Mr. Doebler, as the only disinterested one of the two, should prosecute the charge.

In one sense it is clear enough that this court would not have jurisdiction to effectively adjudicate the issue as to the alleged mismanagement by the trustee on the record as it now stands because there is no party before the court having the right to litigate the question. But the dismissal of the case in so far as heretofore made by Cynthia Mills Cleveland, is not a dismissal for lack of jurisdiction in the

sense that the court does not have proper federal jurisdiction over the subject matter or over the parties who are before the court. It would seem rather to be a dismissal for want of equity in the plaintiff's claim in that she, personally, has no proper title or standing to enforce the claim. I, therefore, take the view that so far as her charge of mismanagement is concerned, the dismissal as to her will be with prejudice. But its effect must necessarily be that it is without prejudice so far as any proper claim may hereafter be made with respect to mismanagement by the administrators c.t.a. jointly or by Mr. Doebler, if, when and as he should become properly authorized to prosecute such a charge alone against his interested co-administrator in the latter's capacity as trustee under the deed of trust. Presumably, such authority would ordinarily come from the court having jurisdiction over the administrators, that is, the Orphans' Court of Baltimore City.