GARRETT et al. v. FIRST NAT. BANK &
TRUST CO. OF VICKSBURG,
MISS., et al.

No. 11455.

Circuit Court of Appeals, Fifth Circuit.

Feb. 1, 1946.

Charles N. Haskell and Charles P. Gotwals, both of Muskogee, Okla., for appellants.

John Brunini, of Vicksburg, Miss., and W. H. Clements and E. C. Clements, both of Rolling Fork, Miss., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellants as beneficiaries of certain trusts established by their father. They seek separate accountings by the appellees of the latters' acts and doings as trustees. After each of the appellees had moved for a summary judgment, they filed separate answers, interposing pleas to the jurisdiction of the Court and to the merits, including a plea of res judicata, a plea of the statute of limitations, and a plea of failure to state a cause of action. The Court below dismissed the complaint against appellee M. C. Ewing for want of jurisdiction, and granted a summary judgment on the merits in favor of the other appellee, First National Bank & Trust Company. This appeal was taken from the judgment of dismissal for want of jurisdiction and from the judgment of dismissal on the merits.

These trusts were established in 1929 by David D. Low, who was the owner of much property in Mississippi, including two large cotton plantations. His wife had died leaving him six children. The first trust directed the bank, upon Low's death, to collect the proceeds of certain life insurance policies and to pay until exhaustion of the trust funds all debts and obligations of the trustor. If any balance remained, it was to be paid over to a testamentary trustee and become part of a trust to be created by the last will of the trustor. The second trust directed the bank, upon Low's death, to collect the proceeds of other insurance upon his life and to add the same to the testamentary trust above mentioned. The testamentary trust included the appointment of the bank as guardian of said six children and directed the trustee to set apart for them six separate and distinct trust estates.

Upon Low's death in 1930, the bank probated his will, qualified as his executor, and filed an inventory of his estate, in the chancery court of the proper county in Mississippi. Said bank was also granted by the same court letters of guardianship of Low's six children. Nearly two years later, the same bank "declined to accept the trust" imposed by Low's will and asked said chancery court to relieve it of any liability as trustee under said instrument. An order purporting to do this was entered, and appellee Ewing was appointed to succeed the bank as testamentary trustee.

By the terms of Low's will the residue of his estate, after payment of all costs and expenses of administration, was vested in the bank as testamentary trustee. The residue of the first trust, if any, after payment of debts, was to become a part of the testamentary trust; the proceeds of insurance collected under the second trust was also to be added to the testamentary trust created by the trustor for the benefit of his children; thus the two living trusts were intended ultimately to be merged into the testamentary trust.

The bank collected over $81,000 of insurance money under the first trust and claims to have paid that amount to itself as executor for use in payment of debts of the estate; it also collected the sum of $50,000, which was the proceeds of insurance set apart under the second trust. The appellants allege that this second trust has been breached by failure to pay the fund therein to the testamentary trustee. The bank has filed its final account and been discharged as executor; it pleads that discharge as res judicata here. Ewing, as trustee, is accounting regularly to the court that appointed him, and the dismissal as to him was predicated by the court below upon the theory that the state court had jurisdiction of the res and was administering the testamentary trust.

Ewing derives his authority as testamentary trustee from an order of the chancery court entered upon an ex parte petition of the bank declining to serve, or resigning, as trustee of the testamentary trust. The appellants contend that the order is not res judicata since due process requires both notice and an opportunity to be heard. With the bank failing to account under the first trust and, though purporting to resign as testamentary trustee, retaining the proceeds of the second trust; and with Ewing administering only the realty of the testamentary trust: the appellants further contend that there has been a wrongful severance of trust functions which has caused them great damage. This brings us to the jurisdictional question, which is the only issue now before us so far as the appellee Ewing is concerned.

 We have here a justiciable controversy, wholly between citizens of different states, involving more than $3,000 exclusive of interest and costs. This is a civil action in personam; it invokes the equitable jurisdiction of the federal district court, which clearly extends to suits by heirs against executors or administrators and to suits against trustees by the beneficiaries

of trust property.[1] The probate proceeding in the estate of Low has long since been completed. That was a proceeding in rem; but the appointment of Ewing in place of the bank as testamentary trustee was not an in rem proceeding. The filing of annual accounts in the chancery court by Ewing was entirely voluntary, and it is claimed to have been without notice to appellants. No exceptions to these accounts have been filed, and there is no suit or action pending in the state court between the parties to this appeal. Appellants' choice of forum cannot be restricted by these ex parte proceedings in the state chancery court. Therefore, it was error for the court to dismiss as to Ewing for want of jurisdiction.

The summary judgment in favor of the bank was granted upon the theory that the bank had committed only a technical violation of its duty in turning over to itself, as executor, trust funds held by it as trustee. The court correctly held that the plea of res judicata was not well taken, but it said, as a matter of fact, that the issues came "close to being res judicata." It then further stated: "All the parties now before the Court were before the Court of Chancery in Mississippi, and while the bank was there in a different capacity, yet the very funds for which this litigation arises were in controversy in that litigation. The bank, as trustee, had simply transferred the funds to itself as executor. It was the same party. The Chancery Court had jurisdiction of the funds and of the executor and the plaintiffs in the present case went into that Court and raised the questions that are now being raised, that is to say, the improper handling of the funds derived from this trust. That Court decided against the contentions of the plaintiffs. That Court had jurisdiction to decide the matters if the parties decided to litigate therein. The bank, as executor, was administering this particular fund. Section 352 of the Code of Mississippi of 1930, as well as Section 351 of said code, gave the Court full jurisdiction to deter-

mine the issues. The pleadings were such that the matters could be adjudicated and the Court had the power to follow the trust funds through any changes, whether its identity was preserved or whether it was merged in a mass. Shields v. Thomas [71 Miss. 260], 14 So. 84 [42 Am.St.Rep. 458]. It was the duty of the executor to file a final account as required by Section 1737 of the Code of 1930, and this it did. The parties plaintiff herein answered that and raised the same questions that are now raised. As before stated, technically the matter is not res adjudicata, but under no theory would the plaintiffs be entitled to recover in this case and for that reason the motion for summary judgment will be sustained."

■ The plea of res judicata, though good as to the executor, was bad as to the trustee. Such a plea, to be sustained, requires identity of parties in the character in which they are litigants.[2] Distinctly different fiduciary functions require separate accountings.[3] There is a fundamental difference between a bank acting as executor of a decedent's estate and the same bank in its capacity of trustee inter vivos or testamentary trustee. It is settled that if a testator in his will appoint his executor to be a trustee, it is as if different persons had been appointed to each office.[4] It is also true that a judgment for or against a person in one representative capacity is not res judicata for or against him in another representative capacity, as where he is executor and also trustee.[5]

■ Having determined that the matter was not res judicata, the court below necessarily based its summary judgment upon the finding that there were no substantial issues of fact presented in the record; but if the executor's accounting in the state court was not res judicata in this case as to the trustee, the record and judgment in the state court were irrelevant and incompetent on the issues arising upon appellants' complaint against the bank for its acts and doings as trustee. This presents a

[1] Payne v. Hook, 74 U.S. 425, 7 Wall. 425, 19 L.Ed. 260; Commonwealth Trust Co. of Pittsburgh et al. v. Bradford, Receiver, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920, 925.

[2] Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464, 469; Washington, A. & G. Steam-Packet Co. v. Sickles, 65 U.S. 333, 341, 24 How. 333, 341, 16 L.Ed. 650, 653.

[3] In re First National Bank & Trust Co. of Waynesburg, 328 Pa. 289, 195 A. 85, 86; Wylie v. Bushnell, 277 Ill. 484, 115 N.E. 618.

[4] Perry on Trusts, 7th Ed., Sec. 281, p. 499.

[5] Freeman on Judgments, 5th Ed., Sec. 419, p. 915.

situation where breaches of trust are alleged on the one hand and denied on the other. In these circumstances a summary judgment is not permissible.

Appellants' right to an accounting in this case does not rest upon charges of maladministration. Whenever a trust relation between the parties is shown to exist, the right to an accounting at reasonable periods follows as a matter of course. The burden is upon the trustee to show that it has performed its trust and the manner of its performance.[6] Reversed and remanded for further proceedings not inconsistent with this opinion.

reversible error where court indicated that accused's counsel could renew the application but counsel failed to take advantage of opportunity. Cr. Code, § 37, 18 U.S.C.A. § 88; 26 U.S.C.A. Int.Rev.Code, §§ 2803, 2833, 3253, 3321.

---

6 Dillman v. Hastings, 144 U.S. 136, 12 S.Ct. 062, 36 L.Ed. 378; Wootton Land & Fuel Co. v. Ownbey, 8 Cir., 265 F. 91; Andrews v. Tuttle-Smith Co., 191 Mass. 461, 78 N.E. 99, 100; Green v. Brooks et al., 81 Cal. 328, 22 P. 849, 851; Wylie v. Bushnell, 277 Ill. 484, 115 N.E. 618, 627; Restatement of Trusts, Sec. 172; 65 Corpus Juris 878.