**GARRETT et al. v. FIRST NAT. BANK & TRUST CO. OF VICKSBURG, MISS., et al.**

**No. 12514.**

United States Court of Appeals Fifth Circuit.

Feb. 6, 1950.

Rehearing denied March 13, 1950.

C. N. Haskell, Muskogee, Okl., C. P. Gotwals, Muskogee, Okl., for appellants.

E. L. Brunini, Vicksburg, Miss., E. C. Clements, Rolling Fork, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

When this case was here before[1] on the appeal of plaintiffs from a summary judgment against them, we reversed and remanded the cause so that an accounting could be taken and a determination had as to whether, and to what extent, the defendants, Bank and Ewing, respectively, were liable to plaintiffs.

The accounting has now been had, and this appeal is by plaintiffs from a judgment, rendered on full findings of fact and of law,[2] that, except as provided for in the order, "all other relief sought by plaintiffs be, and the same is hereby denied".

This relief as to the bank was that it should be charged with the loss of the value of the Mount Helena Plantation because

---

1. 1 Cir., 153 F.2d 289.

2. Upon a full discussion of all the facts and findings that everything done by Ewing and the bank was in good faith and in exercise of good judgment, the findings concluded: "While there has been a deviation by the Bank from the strict letter of the trust, yet there has been no damage suffered by any of the beneficiaries of the trust, and the Bank has accounted legal-ly for an expenditure of all the sums that came into its hands by virtue of the trust agreements and the Will, and now has in its hands the sum of $50,000 to be paid over to any trustee that may be agreed upon by the beneficiaries of the trust, or to any trustee that may be lawfully appointed by any court of competent jurisdiction, after notice to all parties in interest".

it failed to use funds in its hands to pay off the mortgage on it.

This relief as to Ewing was that he ought to be required to pay over to plaintiffs the full amount of the earnings without reserving any for expenses and contingencies.

A careful examination of the record leaves us in no doubt of the substantial correctness of the findings and conclusions of the district judge, nor in any that, without prejudice to the right of the plaintiffs to take such proceedings as they may be advised to secure the winding up of Ewing's trusteeship, the appointment of a successor testamentary trustee, and the turning over by the bank to such trustee of the funds still remaining in its hands, the judgment should be

Affirmed.