Lisa Joy **DAVIDSON** and Julie Gail Davidson, infants, by Martin J. Davidson, their next friend, Plaintiffs,

v.

Jacob **BLAUSTEIN**, Defendant.

Civ. A. No. 16459.

United States District Court
D. Maryland.

Nov. 16, 1965.

————◆————

Alfred L. Scanlan, Bethesda, Md., David J. Preller, Baltimore, Md., Shea &

Gardner, Washington, D. C., for plaintiffs.

John W. Cable, III, John S. McDaniel, Jr., Cable & McDaniel, Baltimore, Md., for defendant.

WINTER, District Judge:

Defendant moves to dismiss the complaint in the above case for failure to state a claim upon which relief can be granted. Rule 12(b), Fed.Rules of Civil Procedure. The complaint seeks an accounting, upon the following allegations, made on information and belief:

The infant plaintiffs state that the defendant, their great uncle, is the trustee under certain *inter vivos* trusts created by the late Mr. and Mrs. Louis Blaustein (their great grandparents and the parents of the defendant), the late Mr. Henry Rosenberg, Sr. (their grandfather and the brother-in-law of the defendant), and Mrs. Henry Rosenberg, Sr. (their grandmother and sister of the defendant). The plaintiffs are citizens of the State of Texas, defendant is a citizen of the State of Maryland.

It is alleged that the trusts are in active existence, have not been terminated, and are being administered by the defendant as trustee, and that the assets within such trusts include substantial real and personal property interests, including extensive and very valuable securities. The terms of the trusts require the trustee to pay income to certain designated life beneficiaries, with the corpus thereof required to be paid by the trustee to other beneficiaries, at a time or times, or under conditions which are not known by the plaintiffs or their next friend. The plaintiffs believe that they were named, either by name or as members of a designated class, as beneficiaries under the trusts, and, under the terms of such trusts, at a time or times, or upon the happening of certain conditions, all of which are unknown to the plaintiffs or their next friend, the plaintiffs are entitled to receive portions of the corpus of the trusts from the trustee in accordance with the directions of the respective settlors.

It is further alleged that defendant has never accounted for his acts and transactions as trustee of the several trusts (since Mr. Louis Blaustein is alleged to have died in 1938, defendant is alleged to have given no accounting of this trust for almost thirty years); has never disclosed to the plaintiffs, or to anyone authorized to act in their behalf, any information concerning the trusts in regard to their scope, assets, beneficiaries, duration, or termination dates. Through their father and next friend, plaintiffs have demanded that defendant account to them for his administration of the trusts, and defendant has refused to do so, asserting that " * * * under the existing circumstances you are not entitled to an accounting or other information" with respect to the trusts.

As relief, plaintiffs pray that the defendant file an account under any and all *inter vivos* trusts in which he has been named as trustee, and in which the plaintiffs have been designated beneficiaries, either by name or as members of a designated class. The time and manner of filing the account are specified, and there is a general prayer for other relief.

The essential allegations of the complaint have been summarized. In addition to them, it is significant to note what plaintiffs do not allege. Although plaintiffs allege that under the terms of the trusts, at some future time and on the happening of certain conditions (both unknown to them), they are entitled to receive portions of the corpus of the trusts, they do not allege, even on information and belief, that they have a possessory estate, i. e., that they are entitled at the present time to receive any portion of the income or corpus of the trusts, or that they will ever have a possessory estate. Indeed, their allegation in regard to each of the trusts that there are certain designated life beneficiaries not claimed to be themselves, coupled with the absence of any allegation that the life beneficiaries are deceased, is tantamount to an affirmative allegation on their part that their interests, if any, are not possessory. Other than to complain that they have

been denied information of the type which they demanded, they allege no wrongdoing, mismanagement or waste on the part of the trustee.

■ At least for purposes of the present motion, plaintiffs admit that the law of Maryland controls the decision to be given. See Gaylord v. C. I. R., 153 F.2d 408 (9 Cir. 1946). Under Maryland law, as indeed under the law of other jurisdictions, a cause of action against a trustee for an accounting affords two distinct types of relief. It provides information to determine if any liability exists as regards the trustee (discovery), and it enforces the responsibility of the trustee for any liability which he may have incurred in the management of the trust estate (affirmative relief). The liability of a trustee may be for mismanagement, waste, dissipation of assets, or other misconduct, or liability to make payments of income or corpus, or both, in accordance with the trust instrument creating the trust. The basis upon which these types of liability may be asserted under Maryland law will be considered first.

■ Under Maryland law an accounting against a trustee may be had where an income beneficiary seeks to recover income, establishes his right therefor, and an accounting is necessary to determine the amount. See Rappold et al. v. Rappold, 224 Md. 131, 166 A.2d 897 (1961); Ex parte Nicholas, 142 Md. 601, 121 A. 627 (1923); Baer v. Kahn et al., 131 Md. 17, 101 A. 596 (1917) (dictum); Ehlen v. Ehlen, 63 Md. 267 (1885). An accounting may also be had where a beneficiary entitled to the corpus seeks to recover corpus, establishes his right thereto, and an accounting is necessary to determine the amount. Smith et al. v. Townshend et al., 27 Md. 368 (1867); Fenby et al. v. Johnson, 21 Md. 106 (1864). Cf. Baer v. Kahn et al., supra (dictum). Conversely, when a beneficiary entitled to corpus seeks to recover corpus, but it appears that the time for distribution of corpus is not at hand at the time of filing suit, an accounting will be refused. Harlan v. Gleason, 180 Md. 24, 22 A.2d 579 (1941). Where waste,

mismanagement, dissipation of assets, or other misconduct, on the part of the trustee are alleged, and at least *prima facie* established, relief by accounting may also be granted a beneficiary. See Smith et al. v. Townshend et al., supra; Dennis et al. v. Dennis et al., 15 Md. 73 (1860). But absent a showing of want of good faith or abuse of discretionary powers by the trustee, a presently entitled beneficiary may be denied relief. See Baer v. Kahn et al., supra. Also, while a beneficiary with " * * * a potential future interest in the corpus * * *" may have standing to request an accounting to prevent dissipation of assets, relief will be granted only in exceptional cases. In re Clarke's Will, Clarke et al. v. Clarke, 198 Md. 266, 272, 81 A.2d 640, 642 (1951). The Court has been unable to find, and counsel have not cited, any case in which an accounting has been allowed, other than where an income or corpus beneficiary alleges either that he is entitled to a distribution of income or corpus, or both, which has not been made, or that there has been mismanagement, waste, dissipation of assets, or other misconduct, on the part of the trustee, and such allegation has been shown *prima facie* to be true. The conclusion follows that plaintiffs in the case at bar have made no allegation which would entitle them to relief by accounting under Maryland law, where they seek to assert liability against the trustee.

There remains to be considered plaintiffs' right to discovery, i. e., to require information of the trustee short of an assertion of liability on his part. Restatement, Trusts 2d § 173 (1959) states, as a general proposition of law, that a trustee is under a duty to a beneficiary to give the latter complete and accurate information as to the nature and amount of the trust property, and to permit an inspection of the subject matter of the trust and the accounts and vouchers and other documents relating to the trust. Presumably, this rule would include an examination of the trust instrument where an *inter vivos* trust was created and the trust instrument is not a mat-

ter of public record. The Restatement makes no comment on whether a beneficiary entitled to avail himself of the rule includes one who neither has a possessory interest nor can allege that his interest will ever become possessory. The leading text writers state that a trustee is under an obligation to give beneficiaries, upon their request, at reasonable times, complete and accurate information concerning the trust. Bogert, Trusts and Trustees § 961 (2d ed. 1962); 2 Scott, Trusts § 173 (2d ed. 1956). Indeed, the latter authority states that a beneficiary who has a future interest is entitled to information whether his interest is vested or contingent.

■■ Whether the rule stated by the Restatement, Bogert and Scott is the law of Maryland is problematical. Maryland is a jurisdiction which follows the rule that the validity of a trust is not dependent upon knowledge of its existence by the beneficiaries thereof. Clark v. Callahan et al., 105 Md. 600, 66 A. 618, 10 L.R.A.,N.S. 616 (1907). And Maryland law is that whenever a trust may be regarded as beneficial the beneficiary's acceptance is presumed at least until there has been a disavowal or repudiation by him. Citizens' National Bank of Pocomoke City v. Parsons, 167 Md. 631, 175 A. 852 (1934). Cf. Owings v. Owings, 233 Md. 357, 196 A.2d 908 (1964). It may be a sequela of these rules that a trustee may not be required to divulge information of the existence of the trust and other information regarding it, except at the instance of a person having a possessory estate thereunder. On the other hand, in Baer v. Kahn et al., supra, 131 Md. at 28–29, 101 A. at 600, there is dictum that a court of equity may require a trustee to divulge information even though the court does not assume jurisdiction of the trust because of the lack of allegation of mismanagement. The dictum, however, appears to have been rendered in regard to a beneficiary having a possessory estate.

■■ Irrespective of what the Maryland law may be in regard to the discovery aspects of accounting when discovery is the only relief sought, plaintiffs cannot acquire such relief in a federal court. Jurisdiction in this Court, if it exists at all, exists because plaintiffs are citizens of Texas, defendant is a citizen of Maryland, and the amount in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs. 28 U.S.C.A. § 1332(a). Where affirmative relief is sought by an accounting, the amount in controversy is measured by the value of the res, Rogers v. Lawton, 162 F. 203 (C.C.W.D.Wis. 1908), the damage to the res sought to be redressed, Schindler v. Spackman, 16 F. 2d 45 (8 Cir. 1926); Haynes v. Fraternal Aid Union, 34 F.2d 305 (D.Kan.1929), or the monetary value of the complainants' share of the res which is distributable. See Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909). See also, Garrett v. First Nat. Bank & Trust Co., 153 F.2d 289 (5 Cir. 1946). Here, the litigation revolves not around the value of the res, claimed injury to the res, or even plaintiffs' right to a portion of the res, but around information of the value of the res and when and to whom it, and the income thereon, are and may be distributable. The information has not been alleged itself to have any present monetary value to the plaintiffs. An excellent example of what this case is not is Doyle v. Loring, 107 F.2d 337 (6 Cir. 1939). In that case it was decided a complaint for discovery could be entertained as an aid to an accounting upon allegations of misappropriation of assets of a deceased's estate having a value in excess of the statutory amount in controversy.

■ It is a familiar principle of federal law that when a federal court has jurisdiction of a portion of a case, it has jurisdiction to make a complete disposition of the claims between the parties and the claims arising out of a single transaction or occurrence. The doctrine of ancillary or pendent jurisdiction has been developed to accomplish this result. "If the court has jurisdiction of the principal action, it also has cognizance of any an-

cillary proceeding therein, regardless of the citizenship of the parties, the amount in controversy or any other factor that would ordinarily determine jurisdiction." 1 Barron and Holtzoff, Federal Practice and Procedure § 23 (Wright ed. 1960). Accord, 1 Moore, Federal Practice ¶ 0.90 [3] (2d ed. 1964). The proceedings in this Court which resulted in the opinion in Cleveland v. Mercantile Trust Co., 45 F.Supp. 205 (D.Md.1942), aff'd in unreported case by the United States Court of Appeals for the Fourth Circuit, and which further resulted in the assumption of jurisdiction over the administration of a testamentary trust was begun upon allegations, *inter alia*, of mismanagement by the corporate trustee of this and two *inter vivos* trusts created by the same grantor. The doctrine of ancillary jurisdiction was thus applicable.

■ The doctrine of ancillary or pendent jurisdiction, however, does not work in reverse. A federal court may not grant relief where jurisdiction is not shown to exist, because the giving of the relief prayed may provide a basis upon which a subsequent claim, within federal jurisdiction, may be alleged. Counsel have not cited any case so holding, and the Court has found none.

Plaintiffs are not aided by reference to Rules V70–V85 of the Maryland Rules of Procedure which permit a state equity court to assume jurisdiction over the administration of a trust estate upon application of any person having an interest therein. Plaintiffs have not asked this Court to assume such jurisdiction. Even if so requested, there would be considerable doubt that the proceedings would be a case or controversy within federal judicial power in the absence of a request for specific relief based upon allegations showing the need therefor. Cf. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); National Bank of Topeka v. Graham, 156 F.Supp. 471 (D.Md.1957).

The Court concludes that plaintiffs have failed to state a claim for affirmative relief by accounting, and that it has no jurisdiction to grant discovery by accounting. The motion to dismiss will be granted. Leave to file an amended complaint will be denied unless plaintiffs request permission therefor within ten (10) days from the date of filing of this opinion.

Counsel may agree upon a form of order.